20905

J. W. LUNSFORD and Frances W. Lunsford, Appellants, v. Sydney F. McDANIEL, Respondent.

(252 S. E. (2d) 917)

R. Frank Plaxco and O. Doyle Martin, Greenville, for appellants.

Theron G. Cochran, Greenville, and Kenneth D. Acker, Pickens, for respondent.

March 6, 1979.

*Per Curiam:*

Appellants J. W. Lunsford and Frances W. Lunsford brought this action for professional malpractice against respondent Sydney F. McDaniel, an attorney.

The amended complaint alleges: that appellants were served with a summons and complaint which was turned over to respondent; that respondent sought and received an extension of time in which to answer or otherwise plead to the complaint; that respondent failed to answer the complaint; and that as a proximate result of respondent's failure to answer the complaint a default judgment was obtained against appellants. Appellants sought actual and punitive damages in the amount of sixty thousand ($60,000) dollars.

Respondent's answer is essentially a general denial.

The case came to trial on September 19, 1977 before Judge Timmerman, but at the conclusion of the testimony of the first witness appellants moved for a mistrial. That motion was granted.

Thereafter, on November 12, 1977, respondent moved before Judge Epps for summary judgment under Circuit Court Rule 44 on three grounds: (1) that no attorney-client relationship existed; (2) that the proximate cause of the default judgment was the appellant's negligence; and (3) that the respondent's alleged negligence was not the proximate cause of the default judgment. Judge Eppes granted the motion for summary judgment on all three grounds. This appeal followed.

A motion for summary judgment under Circuit Court Rule 44 should be granted only when it appears from the pleadings, depositions, and affidavits that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Gold v. South Carolina Board*

*of Chiropractic Examiners,* S. C., 245 S. E. (2d) 117 (1978).

Here, the pleadings, depositions and affidavits contained in the transcript of record place in controversy practically every factual aspect of this case. Since it would serve no precedential value to detail in this opinion every disputed fact, it will suffice to say that questions of material fact exist; therefore, the moving party was not entitled to judgment as a matter of law.

Accordingly, the order of the lower court granting respondent's motion for summary judgment is reversed and the case remanded for trial.

Reversed and Remanded..