## 21169

Ray M. PORTER, Appellant, v. Thomas Howard PORTER, Respondent.

(264 S. E. (2d) 416)

*Ray E. Chandler* and *Thomas W. Copper, Jr.* of *Coffey, Cooper & Chandler,* Manning, *for appellant.*

*Andrew Berry,* Orangeburg, *for respondent.*

March 18, 1980.

LITTLEJOHN, Justice:

Thomas C. Porter died intestate in 1942, possessed of realty and leaving surviving him as his only heirs at law and distributees his widow and five children, two of whom are the plaintiff, Ray M. Porter, and the defendant, Thomas Howard Porter.

## FORMER ACTION

On July 28, 1970, Ray M. Porter brought a partition and accounting suit against his mother and his brothers and sisters, resulting in a decree dated September 30, 1974, ordering a sale in partition. The decree confirmed the recommendation of the master that the plaintiff be estopped from claiming rents and profits in the land by reason of his long silence (about 28 years) and acquiescence in an arrangement whereby the mother occupied the premises supervised and controlled by Thomas Howard Porter. There was a lapse of three years between the date of the report of the master and the decree of the court, apparently attributable to failure of counsel (now substituted) to pursue a speedy disposition of the case.

The defendant's occupancy, use and control of the realty continued until the premises were sold in January of 1975.

## ACTION *SUB JUDICE*

Thereafter the action now on appeal was brought, seeking rents and profits for the years 1970, 1971, 1972, 1973 and 1974. It is the contention of the defendant that the arrangement between the parties did not change and continued until the property was sold. The lower court granted a summary judgment, holding that there had been no change in the status of the parties since the commencement of the first action in 1970. The order adopted the contention of the defendant, which was in effect a plea of *res judicata.*

The plaintiff has appealed to this court, submitting that it was error to grant the summary judgment because there are genuine issues of fact for determination by the court. We are of the view that the lower court erred.

Assuming that the plaintiff, Ray M. Porter, acquiesced in the arrangement whereby his brother, the defendant, controlled the realty, and was therefore barred from collecting rents and profits up until the commencement of the first action, we think it inferable that the bringing of the action terminated any existing agreement. At least the issue is in dispute so as to make a genuine question for determination by the trier of the facts. Therefore, summary judgment was inappropriate. *Lunsford v. McDaniel,* 272 S. C. 525, 252 S. E. (2d) 917 (1979). If, after July, 1970, the defendant enjoyed benefits growing out of the realty, he may be held accountable when the case is tried on its merits, unless it be found that the plaintiff continued to acquiesce in the original arrangement. There being no supplemental complaint, as permitted by § 15-13-100, *Code of Laws of South Carolina* (1976), the rights adjudicated in the former action were those arising prior to the filing of the first complaint.

Reversed and remanded.

LEWIS, C. J., NESS and GREGORY, JJ., and WALTER T. Cox, III, Acting Associate Justice, concur.