0111

Joseph C. BATES, SR., Appellant, v. SOUTH CAROLINA NATIONAL BANK, Bankers Trust Of South Carolina, d/b/a Intercharge Group, and Donald L. Roach, Defendants, of whom Bankers Trust Of South Carolina, d/b/a/ Intercharge Group, is Respondent.

(313 S. E. (2d) 361)

Court of Appeals

*Kenneth M. Suggs,* of *Suggs & Kelly,* Columbia, *for appellant.*

*Donald E. Rothwell,* of *Law Offices of Donald E. Rothwell,* Columbia, *for respondent.*

Submitted Feb. 3, 1984.

Decided March 2, 1984.

CURETON, Judge:

This is a negligence action. Appellant, Joseph C. Bates, Sr., seeks damages against respondent, Bankers Trust of South Carolina, for the erroneous attachment of his bank account by a receiver appointed to collect a judgment in favor of Bankers Trust. The trial court granted Bankers Trust's motion for summary judgment and Bates appeals. We affirm.

The facts are not disputed. Under the authority of S. C. Code Ann. Section 15-39-430 (1976), the Court of Common Pleas for Richland County appointed a receiver to collect a judgment for Bankers Trust against one Joe C. Bates. Upon the death of the receiver, the court appointed Donald Roach as successor receiver. Roach presented his order of appointment to South Carolina National Bank and, as a result, erroneously withdrew $2,023.99 from appellant's bank account. Appellant is the father of the judgment debtor, Joe C. Bates, Jr. Records of the order of appointment contained no evidence that the debtor had been served with notice of the substitution of Roach as receiver.

Appellant instituted this action for damages, alleging that Roach, the agent of Bankers Trust, negligently withdrew funds from appellant's account. Bankers Trust moved for summary judgment on the ground that Roach, as a court-appointed receiver, was at all times an officer and agent of the court. Appellant argued that since the debtor had no notice of the substitution of receivers, the appointment was void and Roach was thus the agent of Bankers Trust. The motion for summary judgment was granted in favor of Bankers Trust.

The issue on appeal is whether a judgment creditor is liable to one whose property is negligently attached by a successor receiver appointed without notice to the debtor.

S. C. Code Ann. Section 15-65-20 provides that "[no] receiver of the property of any person . . . shall be appointed . . . with-

out notice of the application for such appointment to the party to the action whose property is sought to be put in the hands of a receiver ..." Appellant contends that this stature requires that the debtor be notified of the appointment of a successor receiver.

In rejecting appellant's contention we adopt the principles of the South Carolina Supreme Court in *Allen v. Cooley,* 53 S. C. 414, 31 S. E. 634 (1898). The issue in that case was whether an earlier version of Section 15-65-20 required notice to the debtor of the receiver's request for instructions from the circuit court. The Supreme Court stated:

It will be observed that the application of the receiver was simply for instructions ... It was not a motion to take property from the possession of one party and deliver it to another ... The receiver is an officer or agent of the court,—the hand of the court, as it is expressed in some of the cases,—and when the court takes possession of property, and places it in the hands of a receiver, ... and when application is made to the court for instructions ..., we see no necessity for notice of the application, and know of no statute which requires notice of such an application.

31 S. E. at 646. The property in the hands of the receiver is *in custodia legis;* the possession of the property by the receiver is the possession of the court which appointed him. *Peurifoy v. Gamble,* 145 S. C. 1, 142 S. E. 788 (1928).

Section 15-65-20 requires that notice be given the debtor prior to the *taking* of property to satisfy due process. Once the property is in the court's possession, however, due process requires no further notice to the debtor prior to appointment of a successor receiver. On the removal, resignation or death of a receiver, a successor may be appointed by the court having jurisdiction of the cause, *ex mero motu,* without further notice. 75 C. J. S. *Receivers* Section 102 (1952); 66 Am. Jur. (2d) *Receivers* Section 192 (1973).

Having found Roach's appointment as a receiver to be valid, we hold that he was therefore an agent of the court and not Bankers Trust. *Kirven v. Lawrence,* 244 S. C. 572, 137 S. E. (2d) 764 (1964). Summary judgment was properly granted since it appears from the pleadings and affidvits submitted that there was no genuine issue of mate-

rial fact and Bankers Trust was entitled to a judgment as a matter of law. *Lunsford v. McDaniel,* 272 S. C. 525, 252 S. E. (2d) 917 (1979). Accordingly, the judgment entered below is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.