19733

Joyce L. IRBY, Respondent, v. Thomas R. IRBY, Appellant

(201 S. E. (2d) 131)

*J. D. Todd, Jr., Esq.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Appellant* cites:

*George F. Townes, Esq.,* of *Abrams, Bowen and Townes,* Greenville, *for Respondent.*

December 4, 1973.

*Per Curiam.*

In this domestic case, the respondent wife obtained a divorce from the appellant husband on the grounds of physical cruelty, gained custody of the two minor children of the parties, and support for the minor children. When the suit was instituted, the husband interposed a counterclaim alleging adultery on the part of the wife and that she was unfit to have the custody of the children. He sought a divorce, custody of the children and prayed that the wife be barred from alimony.

When the case came on for a hearing, December 21, 1972, with all parties consenting, the court first took testimony

and heard arguments regarding support for the children, following which the court issued an oral order which obviously contemplated the wife retaining the custody of the children and the husband being ordered to pay her the sum of $350.00 per month for their support. Following such, the husband and his then counsel withdrew from the hearing and pressed no further claim on the part of the husband, and the hearing proceeded on the wife's complaint, resulting in the divorce decree in her favor. The final decree of divorce was issued on January 18, 1973, and confirmed therein was the prior oral order of the court as to the amount to be paid by the husband to the wife for the support of the children.

Following such decree, the husband became dissatisfied, discharged his counsel and retained other counsel who, on January 29, 1973, filed a motion in the Family Court praying that the court reopen the case and grant a hearing on the question of custody of the children of the parties, on the grounds that there had been no adequate hearing thereabout, it being asserted that it would be to the best interests of the children for the court to specifically inquire into the matter of custody and to determine the same upon an adequate evidentiary showing. The motion was supported by a petition verified by the husband to the effect that in withdrawing from further participation in the December hearing, he did not understand that he was in any way waiving his rights to contest the custody of his children.

Upon hearing the motion to reopen, the judge denied the same in a somewhat lengthy order, in which he reviewed the entire controversy. We quote from the order the following summary of the conclusions reached by the court.

"The court concludes from his prior observation of the parties, the prior testimony and arguments in this case, and the matters alleged in the petition, that no present danger or detriment exists with respect to the children sufficient to require the court to reopen the matter *sua sponte*. To reopen

on any other basis would, in principle, allow parties endlessly to prolong custody litigation on the basis that through their own fault, they had failed to present their case at the time appointed. Should any change of circumstances occur worthy of consideration by the court, the defendant is free at any time to bring a petition for review of the custody of the children; but such review cannot be based on alleged past circumstances alone."

From such order the husband appeals on several exceptions imputing error to the court below. We have carefully reviewed the record and briefs of counsel and conclude that the appellant husband has failed to demonstrate any reversible error on the part of the Family Court. We do not deem that a detailed discussion of the facts or the contentions of the husband would serve any useful purpose or have any precedential value, and we accordingly refrain from doing so.

Affirmed.