21832

Thomas R. IRBY, Appellant, v. Charles B. RICHARDSON, III, Respondent.
(298 S. E. (2d) 452)

*David A. White*, of *Roddey, Carpenter & White*, Rock Hill, *for appellant.*

*Ellis M. Johnston, II*, of *Haynsworth, Perry, Bryant, Marion & Johnstone*, Greenville, *for respondent.*

Dec. 21, 1982.

HARWELL, Justice:

Appellant alleges in this legal malpractice action that respondent willfully failed to prepare his case and forced him to settle a divorce proceeding in which his wife obtained custody of the two children and a child support award. The trial court granted respondent's motion for a summary judgment. We affirm.

Appellant's wife initiated the divorce action seeking a divorce on grounds of physical cruelty, custody of their two children, and child support. Respondent, as appellant's attorney, filed an answer and counterclaim for appellant denying the material allegations of the petition, seeking a divorce for appellant on grounds of adultery, and seeking custody of the children.

The family court issued a temporary order placing temporary custody in appellant's wife and requiring appellant to pay child support. After a final hearing three months later, the family court granted appellant's wife an absolute divorce, custody of the two children and child support. The family court judge indicated in his affidavit taken after the hearing and his handwritten notes taken during the hearing that the parties had consented to the wife having custody of the children.

Appellant retained different counsel to file a motion and petition for a reopening of his case concerning child custody. The petition alleged that appellant did not understand that he waived his right to contest the child custody issue when he did not contest the divorce. The family court denied appellant's petition and specifically found: that appellant was aware he had waived his right to contest the child custody issue, that he had agreed to his wife having custody *pendente lite*, that the sole issue litigated at the final hearing was the amount of child support, that appellant stated there were no problems concerning visitation, (which presupposed the wife's continued custody), and that appellant was not then in a position to take care of the children. This Court upheld that order on appeal. See, *Irby v. Irby*, 261 S. C. 512, 201 S. E. (2d) 131 (1973).

Meanwhile, appellant petitioned the family court at least seven more times for custody of his two children. Each petition was either denied or no order was issued. Appellant retained at least six different attorneys and appeared before

three different family court judges concerning custody of his children. Finally, when appellant's son reached twelve years of age, the court appointed a Guardian ad Litem for him. The court then found that it would be in the son's best interests to be in appellant's custody. However, the child's maternal grandmother had custody of him when oral arguments were heard in this case.

Five years and 362 days after appellant's final divorce hearing, he filed this legal malpractice action.

In reviewing the summary judgment order, we consider the evidence and all inferences therefrom in the light most favorable to appellant. *Powell v. Bonitz Insulation Co.*, 273 S. C. 98, 254 S. E. (2d) 311 (1979). Because the pleadings, depositions, affidavits and testimony presented at the motion hearing show that there is no genuine issue as to any material fact, we agree that respondent is entitled to a judgment as a matter of law. Cir. Ct. R. 44, *Lunsford v. McDaniel*, 272 S. C. 525, 252 S. E. (2d) 917 (1979).

The trial court granted respondent's motion for a summary judgment on three separate grounds: (1) that if respondent was negligent, which he specifically denies, the negligence has not proximately caused appellant any injury (2) that several family court orders and our holding in *Irby v. Irby*, supra, collaterally estop appellant from asserting he did not consent to his former wife having custody of their children, and (3) that several family court orders collaterally estop appellant from attacking his former wife's fitness as a custodial parent.

The doctrine of collateral estoppel precludes a party or his privy from relitigating an issue which was outcome determinative in previous litigation. Appellant asserts that collateral estoppel does not bar relitigation of the previously decided issues because respondent was not a party to the prior actions. We disagree.

Many courts have discarded the traditional privity or mutuality rule, either partially or totally. We recently held that a defendant could assert a plea of collateral estoppel against a plaintiff who had previously had a full and fair opportunity to litigate the relevant issue effectively in a prior action. *Graham v. State Farm and Casualty Insurance Company*, 287 S. E. (2d) 495 (S. C., 1982).

We have never considered the defendant's use of collateral estoppel in a legal malpractice action. However, with the number of legal malpractice actions increasing, we foresee a need to address the defensive use of collateral estoppel by attorneys in such cases. Where the plaintiff has had a full and fair opportunity to litigate the question of an attorney's negligence or effectiveness in a particular case, he should be collaterally estopped to adjudicate the same issue in a subsequent legal malpractice action.

We look favorably upon a decision concerning an attorney's use of collateral estoppel in a malpractice action. In *Garcia v. Ray*, 556 S. W. (2d) 870 (Tex. Civ. App. 1977), Garcia retained Ray to represent him on charges of murder and felonious possession of a firearm. The murder case resulted in a hung jury; the jury convicted him of posession of a firearm. Garcia appealed the conviction, alleging that Ray ineffectively represented him. The criminal appellate court affirmed Garcia's conviction stating that the record did not reflect a breach of legal duty by Ray. Garcia then filed a malpractice action against Ray. The Texas Civil Appellate Court held Garcia was collaterally estopped to relitigate Ray's effectiveness as counsel, even though Ray had not been a party to the prior litigation.

Here, we previously found tht appellant voluntarily cor-ented to the custody agreement. *Irby v. Irby*, supra. Additionally, the family court has repeatedly held appellant's former wife is a fit custodian of the children. Also, the grievance committee dismissed appellant's charge that respondent negligently handled the domestic case. We conclude that appellant previously has litigated the essential issues involved in this case. Therefore, he is precluded from relitigating them here.

Because appellant's other exception is without merit, we dispose of it under our Rule 23.

Affirmed.

LEWIS, C.J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.