Kenneth J. CONTE and Laura Conte, Plaintiffs,

v.

Karen L. JUSTICE, Defendant.

No. 90 Civ. 4673 (SWK).

United States District Court, S.D. New York.

Sept. 1, 1992.

998

Feder, Kaszovitz, Isaacson, Weber & Skala by Alvin M. Feder, New York City, for plaintiffs.

Conway, Farrell, O'Conor, Curtin & Kelly, P.C. by Michael T. Blumenfeld, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

In this diversity action, plaintiffs Kenneth and Laura Conte (the "Contes") seek to recover damages for personal injuries which they allegedly suffered in an automobile accident. Defendant Karen Justice ("Justice") moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting her summary judgment dismissing the complaint on the basis that the Contes are collaterally estopped from litigating the issue of liability for their personal injuries as that issue was already conclusively determined in prior state court actions. In the alternative, Justice moves, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for an order granting her leave to amend her answer to include the defense of collateral estoppel.

## BACKGROUND

On June 24, 1989, plaintiff Kenneth J. Conte, while in an automobile which he owned and was operating, collided with a car driven by defendant Justice in Dutchess County, New York (the "Accident"). There were four passengers in Conte's vehicle, namely, co-plaintiff Laura Conte, Kenneth's wife, the plaintiffs' infant son, Christopher, and Randy and Ronna Weinberg (the "Weinbergs"), Conte's neighbors. Kenneth Conte and his four passengers were, and continue to be, citizens of the State of New Jersey. Justice was, and continues to be, a citizen of the State of New York.

On October 9, 1989, the Weinbergs instituted an action against Kenneth Conte and Justice in the New York State Supreme Court, New York County, entitled *Weinberg v. Justice and Conte*, Index No. 5267/89 (the "Weinberg Action"). Plaintiff Randy Weinberg alleged various personal injuries arising from the collision and sought damages of $10 million. Plaintiff Ronna Weinberg sued for loss of her husband's consortium and sought damages of $500,000.

On December 13, 1989, Justice commenced an action against Kenneth Conte in New York State Supreme Court, Dutchess County, entitled *Justice v. Conte*, Index No. 1129/90 (the "Justice Action"). She alleged various personal injuries arising from the collision and sought damages of $1 million.

On December 19, 1989, defendants in the Weinberg Action moved for an order transferring that action to Dutchess County. On March 2, 1990, the Supreme Court (Juidice, J.) granted the motion, designating Dutchess County as the proper venue for the Weinberg Action. On June 27, 1990, Justice moved to consolidate the Weinberg and Justice Actions in Dutchess County, and on July 25, 1990, the Supreme Court granted the motion.

By filing a summons and complaint July 20, 1990, Christopher Conte, by his mother, Laura, commenced an action against his father, Kenneth, and Justice in New York State Supreme Court, Dutchess County, entitled *Conte v. Justice and Conte* (the "Conte Action"). In the Conte Action, Christopher Conte alleged various personal injuries and seeks damages of $1 million.

On or about July 16, 1990, plaintiffs Kenneth and Laura Conte commenced the instant action seeking to recover damages arising from the same collision that is the subject of the Weinberg, Justice and Conte Actions, pending in the New York State Supreme Court, Dutchess County (together, the "State Court Actions"). In this action, Kenneth Conte alleges various personal injuries and the loss of his spouse's consortium and seeks damages of $850,000. His wife, Laura, seeks identical relief. Jus-

tice interposed an answer to the complaint denying its material allegations.

On February 28, 1991, this Court ordered a stay of the proceedings pending the outcome of the State Court Actions. The State Court Actions were consolidated for trial and, on September 26, 1991, a jury returned a verdict finding Kenneth Conte negligent and 100% at fault and finding that Justice was not culpable.

Thereafter, the Justice Action was settled prior to the entry of judgment. On November 12, 1991, a final judgment was entered in the Weinberg and Conte Actions (the "Judgment"). The Judgment adopted the jury verdict and reflected its determination that Justice was not culpable, dismissed the complaints in the Weinberg and Conte Actions as against Justice and adjudged all claims and cross-claims against Justice dismissed.

Justice now moves for summary judgment in the instant action, or, alternatively, for an order granting her leave to amend her answer to allege that the Contes are collaterally estopped from litigating the same liability issue in federal court. The Contes contend that collateral estoppel does not apply as the Justice Action was settled prior to the entry of final judgment. According to the Contes, even if the Judgment is "final" for purposes of issue preclusion, collateral estoppel does not apply because there was insufficient incentive for Kenneth Conte to litigate the State Court Actions, and Laura Conte was not a party to the prior suits in which judgment was rendered.

### DISCUSSION

I. Summary Judgment

■■■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The movant may discharge this burden by demonstrating to the Court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).[1] The nonmoving party then has the burden of coming forward with "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), by "a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552.

■■■ The court "must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion." *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985); *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1187 (2d Cir.1987); *see also Adickes v. S.H. Kress and Co.*, 398 U.S. at 158–59, 90 S.Ct. at 1609. But the court must inquire whether "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party," *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986), and grant summary judgment where the non-movant's evidence is merely colorable, conclusory, speculative or not significantly probative. *Id.* at 249–50, 106 S.Ct. at 2510–11; *see Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12–15 (2d Cir. 1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987); *Argus Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45 (2d Cir.1986), *cert. denied*, 479 U.S. 1088, 107 S.Ct. 1295, 94 L.Ed.2d 151 (1987). The non-

---

1. The moving party does not have the burden of providing evidence to negate the non-moving party's claims. *Id.* As the Supreme Court recently noted, "whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.*

movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

 To determine whether the moving party has met its burden, the court must focus on both the materiality and the genuineness of the factual issues raised by the non-movant. As to materiality, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. at 2510. A dispute over irrelevant or unnecessary facts will not preclude summary judgment, *id.,* but the presence of unresolved factual issues that are material to the outcome of the litigation mandates a denial of the summary judgment. *See, e.g., Knight v. U.S. Fire Ins. Co.,* 804 F.2d at 11–12.

 Once the non-moving party has successfully met the burden of establishing the existence of a genuine dispute as to an issue of material fact, summary judgment must be denied unless the moving party comes forward with additional evidence sufficient to establish his or her burden under Rule 56. *See Celotex Corp. v. Catrett,* 477 U.S. at 330 & n. 2, 106 S.Ct. at 2556 & n. 2 (Brennan, *J.,* dissenting). In sum, if the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. at 587, 106 S.Ct. at 1356 (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968)); *see also Weg v. Macchiarola,* 654 F.Supp. 1189, 1191–92 (S.D.N.Y.1987).

## II. Finality of Judgment

 As a preliminary matter, this Court must determine whether Justice's motion for summary judgment is the proper vehicle for raising a claim of collateral estoppel. The defense of collateral estoppel is normally pleaded as an affirmative defense. *See Kendall v. Avon Products, Inc.,* 711 F.Supp. 1178, 1179 n. 2 (S.D.N.Y. 1989) (quoting Fed.R.Civ.P. 8(c)). If the defense of collateral estoppel is unavailable at the time of the original answer, however, the defense may be raised for the first time by motion for summary judgment. Indeed, such a defense may be raised at the pre-trial stage "in the interest of efficient and expeditious judicial administration" and in circumstances where, as here, "the plaintiff is provided with an adequate opportunity to present arguments rebutting the defense." *Id.* (quoting *Weston Funding Corp. v. Lafayette Towers, Inc.,* 410 F.Supp. 980, 982 n. 2 (S.D.N.Y.1976), *aff'd,* 550 F.2d 710 (2d Cir.1977)).

In this case, the answer was filed on August 30, 1990. Judgment in the State Court Actions was not entered until November 12, 1991. Accordingly, the defense of collateral estoppel was not available when the original answer was filed. Moreover, the Contes were provided with an adequate opportunity to present arguments against the invocation of collateral estoppel in this action. Thus, in the interest of efficient and expeditious judicial administration, the Court finds that Justice may raise her collateral estoppel defense by way of the instant motion. *See Kendall,* 711 F.Supp. at 1179 n. 2.

## III. Collateral Estoppel

### A.

 A threshold issue in this action is whether a final judgment was rendered in the State Court Actions for purposes of collateral estoppel. *Peterson v. Forkey,* 50 A.D.2d 774, 775, 376 N.Y.S.2d 560, 561 (1st Dept.1975) ("Neither the verdict of a jury nor the findings of a court in a prior action upon the precise point involved in a subsequent action between the same parties constitute a bar, unless followed by a judgment based thereon, or into which the verdict of findings entered." [citation omitted] ). Kenneth Conte argues that collateral estoppel cannot be applied against him as no judgment was entered in the Justice Action, the only action which involved Jus-

tice and Kenneth Conte as adversaries.[2] Justice argues, however, that rather than seek to assert collateral estoppel based on the Justice Action, she seeks to assert collateral estoppel only with respect to the judgment entered in the Weinberg and Conte Actions. The Court therefore need only determine whether a final judgment was rendered in the Weinberg and Conte Actions.

There is little question that this question should be answered in the affirmative. The Judgment adopted the verdict rendered upon completion of the consolidated trial and ordered dismissal of the complaints in the Weinberg and Conte Actions as against Justice, in accordance with the jury's determination that Justice was not at fault in the collision. It provides, in pertinent part, as follows:

> The liability issue in the above entitled action having duly come on for a bifurcated trial before Justice Joseph Juidice ... the liability issues having been tried and the jury having rendered a unanimous verdict in favor of defendant, Karen L. Justice find that she was zero percent negligent and having found that Kenneth Conte was 100% negligent ... Adjudged that Defendant Karen L. Justice has judgment dismissing the complaint of plaintiffs Randy and Ronna Weinberg. Defendant Karen L. Justice has judgment against plaintiff Christopher Conte and that said plaintiff's Complaint is hereby dismissed. Defendant Karen L. Justice has judgment against co-defendant Kenneth Conte on their cross claim and that Kenneth Conte's cross claim is hereby dismissed.

Accordingly, the Court finds that the Judgment rendered in the Weinberg and Conte Actions is based upon the verdict rendered by the jury in the consolidated trial and meets the threshold requirement of *Peterson* for purposes of collateral estoppel. Having determined that final judgments were entered in the Weinberg and Conte Actions, the Court turns to the specific requirements for collateral estoppel.

**B.**

Collateral estoppel prevents a party from re-litigating an issue of fact or law that has been decided in an earlier suit. *Murphy v. Gallagher*, 761 F.2d 878, 879 (2d Cir.1985). That is, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in a subsequent suit on a different cause of action involving a party to the prior litigation." *Brontel, Ltd. v. City of New York*, 571 F.Supp. 1065, 1068 (S.D.N.Y.1983), *aff'd*, 742 F.2d 1439 (2d Cir.1983), *cert. denied*, 469 U.S. 882, 105 S.Ct. 248, 83 L.Ed.2d 186 (1984).

New York has adopted the full and fair opportunity test in applying the doctrine of collateral estoppel. The two requirements are (1) an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and (2) a full and fair opportunity to contest the decision now said to be controlling. *Schwartz v. Public Admr. of Bronx County*, 24 N.Y.2d 65, 71–72, 298 N.Y.S.2d 955, 959–60, 246 N.E.2d 725, 728–29 (1969); *see also Murphy v. Gallagher*, 761 F.2d 878 (2d Cir.1985) (under New York law collateral estoppel precludes a party from relitigating in a subsequent action an issue clearly raised in a prior action and decided against that party or one in privity, whether or not the causes of action are the same) (citing *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984)). In determining the latter, the Court should consider the following factors: "the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation." *Schwartz*, 24 N.Y.2d at 72–73, 298 N.Y.S.2d at 961, 246 N.E.2d at 730.

**1. Identity of Issue**

The first requirement for collateral estoppel is an identity of issue which has

---

**2.** The other two consolidated cases, the Weinberg and Conte Actions did not involve Justice and Kenneth Conte as adversaries, but as co-defendants.

necessarily been decided in the prior action and is decisive in the present action. In this case, the Judgment in the Weinberg and Conte Actions expressly adopted the findings of the jury on the issue of culpability of the co-defendants, Justice and Kenneth Conte in the Accident. This issue of liability is the centerpiece of this action and is dispositive of liability here. Thus, the Court finds an identity of issue necessarily determined in the prior action and dispositive of the instant litigation.

### 2. Full and Fair Opportunity to Litigate
#### a. Kenneth Conte

■ The second element required to successfully assert collateral estoppel is a showing that the party against whom collateral estoppel is invoked had a full and fair opportunity to contest the decision now said to be controlling. As set forth above, one consideration in such an analysis is the experience and competence of counsel. Kenneth Conte contends that this factor militates against the application of collateral estoppel here since in the State Court Actions he was represented by his insurance company's attorney rather than his own: Conte urges the Court to hold that as a result, his ability to fully litigate those actions was unfairly prejudiced; accordingly, Conte argues, he should not be subject to the collateral estoppel effect of the Judgment.

As noted in *Schwartz*, there are situations where an insurance company's lawyer may fail to provide a defendant adequate representation. For instance, it is conceivable that a situation may arise where an insurance company devotes almost all of its efforts in defending the action by the passenger to obtaining a partner to share in paying a recovery by the passenger. *See Schwartz*, 24 N.Y.2d at 73–74, 298 N.Y.S.2d at 962, 246 N.E.2d at 730–31. Another potential source of inadequate representation may arise if in the first action the passenger had suffered relatively minor injuries or the claim had involved a relatively small sum of money. *Id.* In such a case, the insurance company may not have made a substantial investment of time and effort in defending the action. *Id.*

■ Neither of these situations is present here. With respect to the former, Kenneth Conte has adduced no evidence to suggest that the insurance company's attorney devoted almost all of his efforts—or any effort at all—to finding another party to share in paying a recovery by the plaintiff. With respect to the latter potential source of inadequate representation, the Court finds that on this record, the insurance company's attorney had sufficient incentive to vigorously litigate the issue of liability in the State Court Actions. Those Actions involved serious injuries and substantial potential money damages. Accordingly, in the absence of evidence to the contrary, the Court must conclude that Conte's lawyer had no disincentive to litigate vigorously on Conte's behalf. Moreover, Kenneth Conte has failed to introduce any evidence that his insurance company made an inadequate investment of time and effort in defending the action. In lieu of evidence supporting his allegation of inadequate representation, Kenneth Conte argues that he was prejudiced *per se* as a result of his inability to choose his own attorney, thus urging the Court to adopt a rule that would require a finding of inadequate representation whenever an individual is represented by an insurance company's lawyer. The Court declines to do so. Accordingly, the Court finds that Kenneth Conte had adequate representation in the State Court Actions.[3]

With respect to the other factors, the Court finds that the Contes have not adduced any evidence indicating that they were unfairly prejudiced by the forum of

---

3. Kenneth Conte also contends that since the insurance company is the only entity which can determine whether to settle a case, he was not entitled to appeal that decision. Accordingly, he argues that he did not have a full and fair opportunity to litigate his prior claims and collateral estoppel cannot be used against him.

For the reasons set forth above, the Court finds that this is simply a consequence of the insurance agreement entered into between Kenneth Conte and the insurance company and, absent a showing of prejudice, is insufficient to establish inadequate representation.

the State Court Actions or that new evidence has become available since the date of the Judgment. Further, there is no indication of a compromise verdict in the State Court Actions.

Lastly, the Court notes that future litigation was foreseeable and imminent at the time the State Court Actions were tried. As of February 28, 1991, months before the trial of the State Court Actions, this Court stayed the instant action pending the outcome of the trial of the State Court Actions. The Court's reasoning hinged on the potential collateral estoppel effect of a trial in the State Court Actions:

> Most significantly, a stay of the instant action, which raises issues of law and fact virtually identical to those necessarily to be decided in the State Court Actions, will avert otherwise certain duplicative and piecemeal litigation and the possibility of inconsistent judgments. Moreover, for the Court to embark upon pre-trial proceedings, only to be precluded from full consideration of the merits by the likely collateral estoppel effect of a prior state court judgment would result in a monumental waste of time and judicial resources.

*Conte v. Justice*, No. 90–4673, slip op. at 5–6, 1991 WL 29282 (S.D.N.Y. Feb. 28, 1991).

Thus, for the reasons set forth above, the Court finds that collateral estoppel may be invoked against Kenneth Conte as he had a full and fair opportunity to litigate his claims in state court.

### b. Laura Conte

Laura Conte argues that collateral estoppel cannot apply against her as she was not a party to the State Court Actions and did not have a full and fair opportunity to prove that Justice was negligent. Justice contends that although Laura Conte was not a party in the two state actions in which final judgments were rendered, she is nevertheless subject to collateral estoppel because she was the individual who brought the state action on behalf of her

plaintiff son, Christopher in *Conte v. Justice and Conte.*

Generally, the doctrine of collateral estoppel may be invoked only against parties and privies to the previously litigated action. *See Brontel, Ltd.*, 571 F.Supp. at 1068. Although the term privity does not have a well-defined meaning, it may include those who are successors to a property interest, those who control an action although not formal parties to it, and those whose interests are represented by a party to the action. *Watts v. Swiss Bank Corp*, 27 N.Y.2d 270, 277, 317 N.Y.S.2d 315, 320, 265 N.E.2d 739, 743–44 (1970). In order to determine whether a person controls an action although he is not a formal party, the Court must examine the character and extent of the participation in the litigation. No single fact is determinative; rather, a court should consider all the circumstances from which one may infer whether or not there was participation amounting to a sharing in control of the litigation. *Id.*

In this case, Laura Conte commenced the action on behalf of her son, Christopher, in New York State Supreme Court.[4] As Christopher's representative in the Conte Action (instituted against Justice and Kenneth Conte), she had complete control over how that action was litigated on his behalf, and had every incentive to ensure that her son's claim was fully litigated. Having failed to establish that Justice was liable for the automobile accident in the litigated, consolidated state actions, she cannot now re-litigate the issue of Justice's liability for the accident. Accordingly, the Court determines that, as a matter of law, Laura Conte is collaterally estopped from re-litigating the issue of Justice's liability for the Accident.

### CONCLUSION

For the reasons set forth above, Justice's motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting her summary judgment dismiss-

---

4. The full caption of the Conte Action states, "CHRISTOPHER CONTE, an infant under the age of 14, by his mother and Natural Guardian LAURA CONTE, Plaintiffs, –against– KAREN L. JUSTICE and KENNETH J. CONTE, Defendants."

ing the complaint is granted as Kenneth and Laura Conte are collaterally estopped from raising a liability claim against Justice. Accordingly, the complaint shall be and is hereby dismissed with prejudice.

SO ORDERED.