United States Court of Appeals

Eleventh Circuit.

No. 94-3160.

Darryl RICHARDSON, Plaintiff-Appellant,

v.

C.E. MILLER, d.b.a. C.E. Miller Freight & Seafood;  Raymond F. Sims, Defendants-Appellees.

Dec. 16, 1996.

Appeal from the United States District Court for the Northern District of Florida. (No. 91-40210-MMP), Maurice M. Paul, Judge.

Before KRAVITCH and COX, Circuit Judges, and CLARK, Senior Circuit Judge.

CLARK, Senior Circuit Judge:

Plaintiff-appellant Darryl Richardson is a resident of the State of Georgia.  Defendants C.E. Miller d/b/a C.E. Miller Freight and Seafood ("Miller") and Raymond F. Sims ("Sims") are domiciled in the State of Florida.  Richardson and Tommy Lee Hester were employed by Saturday Moving and Storage ("Saturday Moving") of Savannah, Georgia, to deliver personal property owned by William and Paula Martin to West Virginia and by Linda Peckham-Birney and Richard Birney to Massachusetts.  Sims was employed by Miller to deliver seafood to New York and was driving Miller's eighteen wheel tractor-trailer.

On November 30, 1988, Richardson and Tommy Lee Hester were driving "U-Haul type vehicles" on I-95 in South Carolina. Richardson and Hester pulled off the highway onto the emergency lane to repair the faulty turn signals on Hester's vehicle.  After the repairs were completed, Hester and Richardson started their vehicles and began moving north in the emergency lane, displaying

their left turn signals. As they began to move into the right lane of the highway, their vehicles were struck by Miller's vehicle driven by Sims, the contents of their vehicles were destroyed, and Richardson was injured.

The owners of the destroyed property filed actions against Sims, Richardson, Hester, and Saturday Moving in the South Carolina state court[1]. The law firm of Duffy and Feemster filed an answer on behalf of Saturday Moving, Richardson, and Hester but was later replaced as counsel by attorney Walter Bilbro. On the day of trial, Saturday Moving filed for bankruptcy. Bilbro was ill and not present during the trial. Richardson stated that he went to court expecting to be represented by counsel, but was told that Bilbro wanted to speak with him by telephone. Richardson said that Bilbro told him by telephone that he would not represent him at trial. Richardson said that he had no opportunity to seek the advice of other counsel. Bilbro stated by affidavit that, before the trial, he agreed with the plaintiffs' counsel and the Special Referee "in an effort not to delay or continue the hearing in this matter" that Richardson would testify and be present, the plaintiffs would not proceed against him to collect any judgment, and "it would be stipulated that the findings or rulings made by the Special Referee would not effect (sic)" Richardson's state court action against Miller[2]. Neither Miller nor Sims were parties

---

[1]The property owners' actions were *Martin v. Sims*, No. 89-CP-15-711 (Colleton Co. C.P.) and *Peckham-Birney v. Sims*, No. 89-CP-15-71 (Colleton Co. C.P.).

[2]Bilbro also said that he and the plaintiffs' counsel agreed to drop Saturday Moving "as a party in order to not violate the automatic stay imposed by the filing of the bankruptcy and in

to these agreements.  Thus, the agreements between the plaintiffs and Richardson have no effect upon the case under review by this court.

On December 21, 1990, the Special Referee entered judgment for the Martins for $40,777.40, and for the Birneys for $6,901.95 against Richardson, Sims, Hester, and Saturday Moving.  The Special Referee found Richardson negligent for failing to yield the right-of-way and that his negligence was a proximate cause of the accident.  The Special Referee also found Sims negligent for exceeding the posted speed limit and failing to keep a proper lookout, his negligence also being a contributing proximate cause of the accident.  Richardson, through Bilbro, moved for reconsideration because the judgment failed to recite that it would not affect Richardson's pending litigation.[3]  Bilbro then withdrew from the case, and attorney Randall A. Schmidt substituted as Richardson's counsel.  The Special Referee denied reconsideration, finding that there was ample evidence to support the conclusion that Richardson was negligent and, therefore, jointly and severally liable.  He also found that there was no agreement that would have prevented a ruling against Richardson, and no error in trying the

---

order not to delay or continue the hearing."  R1-46 at 2, Affidavit at 2.  Richardson's action for his injuries, *Richardson v. Miller,* No. 90-CP-15-254 (Colleton Co. C.P.), was voluntarily dismissed, pursuant to S.C.R. Civ.P. 41(a), on February 28, 1991.

[3]The motion for reconsideration also argued that the judgment failed to recite that Saturday Moving had been dropped from both suits as a party in order not to violate the bankruptcy automatic stay.

cases as to all defendants without Bilbro.[4]  The Special Master made no findings on the judgment's effect on Richardson's pending litigation.[5]

Miller and Sims allege that the action is barred by Richardson's contributory negligence and res judicata or collateral estoppel because the same issues were fully litigated in the South Carolina state action.

The district court dismissed the action, finding that res judicata and collateral estoppel applied.  The court found that, under South Carolina's expansion of the collateral estoppel doctrine, it applied because, although the South Carolina action was against Sims and not Miller, Richardson had entered a beneficial agreement and had failed to raise all available claims against co-defendants in the state court proceeding.  The court also concluded that *res judicata* also prevented Richardson from maintaining the action because, although the parties were not the same, there was privity between Miller and Sims due to their employment relationship.[6]

---

[4]Sims appealed the judgment, but dismissed his appeal after he settled with the Martins in June 1992, and a satisfaction of judgment was entered on his behalf.  (R1-45, Exhs. C, D, and E). The case was dismissed against Hester on settlement in February 1992.  (R1-45, Exh. F).  Richardson never appealed or cross-appealed the judgment.

[5]The Special Master also made no findings on whether Saturday Moving had been dropped as a party to the actions by the agreement.

[6]The district court may have erred on the *res judicata* ruling.  In *Mackey v. Frazier,* 234 S.C. 81, 82, 106 S.E.2d 895, 899-900 (1959), the court held that, even though an employer could be held liable for an employee's negligence under *respondeat superior* and the doctrine of estoppel may apply, "the parties are not the same and there is no such privity between

This court reviews a district court's conclusions on res judicata and collateral estoppel *de novo*[7] and the legal conclusion that an issue was actually litigated in a prior action under the clearly erroneous standard.[8] Under the federal full faith and credit statute, 28 U.S.C. § 1738, federal courts give preclusive effect to a state-court judgment whenever the courts of the state from which the judgment emerged would do the same.[9] Therefore, this court must look to the preclusion law of South Carolina.

The South Carolina courts have adopted and confirmed the use of the American Law Institute's application of issue preclusion as the law of the state.[10] Therefore, in South Carolina, *res judicata* applies when:

> (1) there is a final judgment on the merits in a prior action, and

> (2) the second action is based on the same claim as the issues actually litigated or which might have been litigated in the first action.[11]

Further, "the doctrine of nonmutual collateral estoppel" applies in

---

them as is necessary for the application of" "*res judicata*."

[7] *Manning v. City of Auburn,* 953 F.2d 1355, 1358 (11th Cir.1992).

[8] *Vazquez v. Metropolitan Dade County,* 968 F.2d 1101, 1106 (1992).

[9] *Farred v. Hicks,* 915 F.2d 1530, 1533 (11th Cir.1990).

[10] *See Beall v. Doe,* 281 S.C. 363, 370-371, 315 S.E.2d 186, 190-191 (S.C.Ct.App.1984), citing *Restatement (Second) of Judgments* § 29 at 291-92 (1982); *South Carolina Property and Casualty Insurance Guaranty Association v. Wal-Mart Stores, Inc.,* 304 S.C. 210, 213, 403 S.E.2d 625, 627 (S.C.1991).

[11] *Liberty Mutual Insurance Company v. Employers Insurance of Wausau,* 284 S.C. 234, 325 S.Ed 566, 568 (S.C.Ct.App.1985), quoting Stewart, *Res Judicata and Collateral Estoppel in South Carolina,* 282 S.C.L.Rev. 451, 452 (1977).

South Carolina when:

> (1) there is a final judgment on the merits in a prior action, and

> (2) the second action is based on a different claim, but is based on an issue that was actually litigated and directly determined in a prior action, if

> (3) the party had a full and fair opportunity to litigate the issue in the first action and there are no circumstances that justify affording him a second opportunity to retry the issue.[12]

The South Carolina courts have expanded the requirement for privity in applying estoppel by judgment, based on "the wholesome principle which allows every litigant one opportunity to try his case on the merits, but limits him, in the interest of the public to one such opportunity."[13] They have held that, in the context of collateral estoppel, "privity" does not embrace relationships between persons or entities, but relationships between the person and the subject matter of the litigation.[14]

A party is precluded from relitigating an issue under the doctrine of collateral estoppel unless he lacked a full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him an opportunity to relitigate the issue.[15] In determining whether a full and fair opportunity to

---

[12]*Id.; Irby v. Richardson,* 278 S.C. 484, 485, 298 S.E.2d 452, 454 (1982); *Roberts v. Recovery Bureau, Inc.,* 316 S.C. 492, 450 S.E.2d 616, 619 (1994).

[13]*Graham v. State Farm Fire and Casualty Insurance Company,* 277 S.C. 389, 287 S.E.2d 495, 496 (1982).

[14]*Roberts v. Recovery Bureau, Inc.,* 450 S.E.2d at 619, citing *Richburg v. Baughman,* 290 S.C. 431, 351 S.E.2d 164 (1986).

[15]*Restatement (Second) of Judgments* § 29 (1982).

litigate was present, one factor to be considered is "other compelling circumstances."[16] To our knowledge South Carolina has not considered whether adequate representation of a party is a factor to be considered in determining whether a party had a full and fair opportunity to contest a decision said to be controlled by collateral estoppel.

Other courts have considered this issue. In deciding whether a debt in bankruptcy was nondischargeable based on a state court consent decree, the Seventh Circuit, in *Klingman v. Levinson*[17], noted that one requirement for the application of collateral estoppel is whether "the party against whom collateral estoppel is invoked must be fully represented in the prior action."[18]

In *Conte v. Justice*[19], the court considered whether collateral estoppel should apply to a driver and passenger who were injured in an automobile accident, when the other driver's liability had been previously litigated. In deciding whether a party had a full and fair opportunity to contest the decision said to be controlling, the court reviewed the experience and competence of counsel.[20] The court noted that there are situations where an insurance company's lawyer may fail to provide a defendant adequate representation.[21] The court stated that it was conceivable that an insurance company

---

[16]*Restatement (Second) of Judgments* § 29(8).

[17]831 F.2d 1292 (7th Cir.1987).

[18]*Id.* at 1295.

[19]802 F.Supp. 997 (S.D.N.Y.1992).

[20]*Id.* at 1003.

[21]*Id.*

might not have made a substantial investment of time and effort in defending an action if the plaintiff suffered relatively minor injuries or the claim involved a relatively small sum of money.[22]

This is analogous to the situation presented here. It is undisputed that attorney Bilbro was employed by Saturday Moving and Storage to defend the company in the litigation in South Carolina as well as the driver Richardson. The day before trial Saturday Moving filed bankruptcy proceedings in Savannah, Georgia. The trial proceeded without Saturday Moving as a party because of the automatic stay. Bilbro did not appear at trial because of illness. Richardson lacked the opportunity to retain new counsel and appeared at trial without counsel. Therefore, it appears that Richardson may not have been provided a full and fair opportunity to contest the decision in the prior action.

While we join the other Circuits who have considered the problem of applying the doctrine of collateral estoppel when the party being estopped lacked counsel and was not provided a full and fair opportunity to contest the prior action, we elect to remand this case for a further hearing before the district court rather than merely directing that the case be tried.

We are not at all satisfied that if Bilbro had been at the trial representing Richardson, the outcome could have been any different. Bilbro says this in an affidavit supporting Richardson's action in this case:

4. That counsel for the Plaintiff and the Special Referee

---

[22]*Id.,* citing *Schwartz v. Public Administrator of the County of Bronx,* 24 N.Y.2d 65, 73-74, 298 N.Y.S.2d 955, 962, 246 N.E.2d 725, 730 (N.Y.Ct.App.1969).

agreed in an effort not to delay or continue the hearing in this matter and that Daryl Richardson would testify and be present; however, since he was essentially financially destitute, the Plaintiffs would not proceed against him to collect any judgment and that it would be stipulated that the findings or rulings made by the Special Referee would not effect (sic) the case in which he is the Plaintiff entitled "Daryl Richardson, Plaintiff, vs. C.F. Miller, dba C.F. Miller's Freight and Seafood and Richard F. Sims, Defendants," which is filed in the Colleton County Court of Common Pleas, Case Number 90-CP-15-254.[23]

While we have reviewed all of the file in the district court, that file does not have all of the significant portions of the proceedings in the South Carolina court. From Bilbro's affidavit and bits and pieces of the South Carolina file that is in the district court we can assume the following *might* be true: (1) Sims and Miller were never parties to any stipulation that Richardson would not be bound by the South Carolina court's findings and judgment; (2) that the trial largely consisted of the trial court's findings based upon pretrial depositions rather than evidence being presented to the court, and thus Richardson may not have been called upon to testify; (3) that the absence of Richardson's counsel may not have prejudiced the outcome as far as Richardson was concerned.

Our remand to the district court is for a determination of whether Richardson is entitled to relitigate an issue already determined against him because he did not have a full and fair opportunity to contest the issues in the South Carolina court caused by his lack of counsel at that trial. We hold that a showing of lack of counsel makes out a prima facie case of lack of such an opportunity. The burden of proof is shifted to the

---

[23]R1-46, Exh. 2 (affidavit of Bilbro).

defendants to show there was no prejudice that could have affected the outcome.

REVERSED and REMANDED.

COX, Circuit Judge, dissenting:

The issue on this appeal is whether the doctrine of collateral estoppel applies to bar Richardson from relitigating a South Carolina state court's finding that Richardson's negligence proximately caused an accident. Richardson argues that because he was not represented by counsel during the state hearing, he did not then have a full and fair opportunity to litigate the negligence issue. Consequently, Richardson contends that South Carolina's earlier finding of negligence cannot undergird the defensive use by Miller and Sims of collateral estoppel in this federal action. Miller and Sims maintain that the South Carolina rules on collateral estoppel do allow them to use defensively the state court's finding that Richardson was negligent.

The United States Constitution, Article IV, mandates that full faith and credit be given to the "judicial proceedings of every other state ..." *See also* 28 U.S.C. § 1738. Consequently, it is well-settled that:

> [A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.

*Migra v. Warren City School Dist. Bd. Of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). For this reason, all parties are correct to conclude that the determination of this case turns on an analysis of South Carolina law.

In *Beall v. Doe,* 281 S.C. 363, 315 S.E.2d 186 (1984), the

South Carolina Supreme Court embraced the Restatement (Second) of Judgments' rule of collateral estoppel or issue preclusion. This rule requires that the party against whom defensive collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the first action. *Id.* 315 S.E.2d at 190. This is the crux of Richardson's argument. He contends, specifically, that because his employer, Saturday Moving, filed for bankruptcy on the day of the trial, because the attorney representing Saturday and Richardson failed to appear, and because he did not have the time to find another attorney, he did not have a full and fair opportunity to litigate the negligence issues. In essence, then, Richardson asks this court to recognize an absence-of-lawyer or ineffective assistance of trial counsel exception under the South Carolina rules on collateral estoppel.

Richardson can cite no case law to support his contention that the absence of a party's lawyer at trial is a factor to be considered in determining whether that party had a full and fair opportunity to contest a decision. South Carolina has never articulated such an exception.

Moreover, the district court noted that Richardson's attorney, Bilbro, did continue to represent Richardson even though Bilbro was not at trial. Richardson apparently obtained the benefit of an agreement that no judgment would be collected from him.

I concur with the district court's conclusion that Richardson had a full and fair opportunity to litigate the issue of his negligence and its proximate results, even if he did not take full advantage of that opportunity. I would affirm the district court's

judgment.