[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 01, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14528
Non-Argument Calendar

_____

D. C. Docket No. 06-81064-CV-KLR

M.D. BRUCE DAVID BURSTEIN,

Plaintiff-Appellant,

versus

M.D. CASWELL RUMBALL,

Defendant-Appellee,

M.D. JOSEPH DEGIOANNI,
EMTEL, INC.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 1, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Bruce David Burstein, a physician, appeals from the district court's dismissal with prejudice of his 42 U.S.C. § 1981 suit against Caswell Rumball, in which he alleged Rumball retaliated against him for filing a race discrimination complaint.[1]  The district court, noting Burstein had brought two other suits stemming from the same facts against the same defendants or those in privity with them, dismissed the present action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds of res judicata, improper claim splitting, and collateral estoppel.  Burstein asserts Rumball was not in privity with defendants in a prior proceeding, *Burstein v. Emtel, Inc.*, No. 0:03-cv-60474-WJZ (S.D. Fla. 2006) (unpublished) (*Burstein I*), and the issues of liability in the present case differ from those in *Burstein I* and a second action which was dismissed without prejudice, *Burstein v. Rumball*, No. 9:05-cv-80544-DTKH (S.D. Fla. 2005) (unpublished) (*Burstein II*).  After review, we affirm the district court's dismissal.

We review a grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Swann v. S. Health Partners, Inc.*, 388 F.3d 834, 836 (11th Cir. 2004).  "We also review *de novo* a

---

[1] Burstein also sued Joseph Degioanni and Emtel, Inc. (Emtel Texas), and the district court likewise dismissed the suit with respect to them.  Nevertheless, because Burstein has since settled his claims against those parties, they are not at issue in this appeal.

district court's determination of res judicata or collateral estoppel." *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004). Whether a party is in privity with another for claim preclusion purposes is a question of fact reviewed for clear error. *Id.* Whether a party is a virtual representative of another is also a question of fact. *Id.* at 1287. Likewise, a district court's conclusion that an issue was actually litigated in a prior action is also reviewed for clear error. *Richardson v. Miller*, 101 F.3d 665, 667-68 (11th Cir. 1996). Clear error is a highly deferential standard of review and will not be found unless, although there is evidence in the record to support the finding, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1319 (11th Cir. 2007) (quotations omitted).

"Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). "The purpose behind the doctrine of res judicata is that the full and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (quotations and alteration omitted). Four elements are required for res judicata

to bar a subsequent suit: "(1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986).

Privity applies when a person, though not a party to the suit, has interests adequately represented by someone who is a party in the suit. *Pemco*, 383 F.3d at 1286. Privity may be found, under the doctrine of virtual representation, "when the respective interests are closely aligned and the party to the prior litigation adequately represented those interests." *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988) (quotations omitted). In other words, "a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." *Pemco*, 383 F.3d at 1287 (quotations omitted). In determining whether virtual representation exists, we examine several factors, including: (1) participation in the first litigation; (2) apparent consent to be bound; (3) apparent tactical maneuvering; and (4) close relationships between the parties and non-parties. *Jaffree*, 837 F.2d at 1467. Although the existence of only one factor may be insufficient, all the factors need not be found. *Pemco*, 383 F.3d at 1287. Privity may also be established based on

the doctrine of control, *i.e.*, if a party effectively controlled the previous litigation. *Id.* at 1290.

A corporation and its directors are not in privity merely because identical claims are made against each of them. *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1502 (11th Cir. 1990). "When a person suffers injury as the result of the concurrent or consecutive acts of two or more persons, he has a claim against each of them." *Id.* (quotations omitted). Nevertheless, we have noted "[m]ost other federal circuits have concluded that employer-employee or principal-agent relationships may ground a claim preclusion defense, regardless which party to the relationship was first sued." *Id.* (quoting *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288 (5th Cir. 1989)).

In determining whether the causes of action are the same, we examine whether the primary right and duty are the same in each case and compare the substance of the actions, not their form. *Ragsdale*, 193 F.3d at 1239. "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id.* (quotations omitted). We examine whether the factual issues in both cases arose out of the same transaction or series of transactions. *See id.*

5

The *Burstein I* complaint, brought against Medical Director Kenneth Scheppke and Emtel, Inc. (Emtel Florida), raised several claims, including race discrimination and retaliation under 42 U.S.C. § 1981, race discrimination under Title VII, 42 U.S.C. 2000e-2(a), and a claim under the Florida Civil Rights Act, § 760.10, Fla. Stat. The complaint alleged that, after complaining about Scheppke's attacks on his race and religion, Burstein was terminated. Burstein was ultimately awarded $675,000 against Emtel Florida for retaliation. The *Burstein II* complaint, brought against Rumball and Degioanni, raised a single 42 U.S.C. § 1981 retaliation claim and reiterated the same core facts as the *Burstein I* complaint. The district court dismissed it without prejudice based on claim preclusion, and Burstein did not appeal.

Here, the first two elements of res judicata clearly exist. A final judgment on the merits was entered in *Burstein I*, and that decision was entered by the same court involved in the present case–the Southern District of Florida.

The district court did not specifically state it was relying on "virtual representation" or the doctrine of control in finding privity, although it made clear that Rumball was an employee and/or agent of Emtel Florida, and Emtel Florida was vested with the authority of representation. With respect to Emtel Florida acting as Rumball's virtual representative, although high-ranking employees of a

6

corporation are not in privity with the corporation merely because identical claims are made against them, *see Citibank, N.A.*, 904 F.2d at 1502, Rumball was Emtel's medical director, and was also instrumental in making the decision to terminate Burstein. Although Rumball suggested in *Burstein II*, which involved the same retaliation claim as the present case, that he lacked control over the *Burstein I* litigation by noting he had not conducted any discovery or been represented by counsel in that case, he also stated that Burstein's claims were identical, even though issues of liability may have differed. Burstein himself also contended that the same employment dispute was involved. To the extent his position as medical director gave him control over the litigation, Rumball also satisfied the requirements of the doctrine of control. *See Pemco*, 383 F.3d at 1290. Accordingly, the district court did not clearly err by finding Rumball was in privity with Emtel Florida. *See Morrissette-Brown*, 506 F.3d at 1319.

With respect to the fourth element of *res judicata*, the same retaliation claim was raised in *Burstein I*. Accordingly, all four elements exist and the district court did not err in finding the present suit was barred by res judicata.[2]

**AFFIRMED.**

---

[2] In light of our conclusion, we need not address the district court's holdings, in the alternative, that the suit is also barred by a prohibition against claim splitting and collateral estoppel.