[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12760

Non-Argument Calendar

_____

BRONWYN RANDEL,

Plaintiff-Appellant,

*versus*

RABUN COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:20-cv-00268-RWS

_____

Before ROSENBAUM, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Bronwyn Randel appeals the district court's order dismissing her federal claim against her former employer, the Rabun County School District, arising from the Rabun County Board of Education's ("the board") decision not to renew her employment contract.  Randel argues that the board violated her due process rights under 42 U.S.C. § 1983 by failing to provide her with a neutral arbiter at the non-renewal proceedings.  She also asserts that the state's damages are insufficient because she could be unable to recover attorney's fees if she succeeds on her due process claim.  Randel contends that, in *Knick v. Township of Scott*, ___ U.S. ___, 139 S. Ct. 2162 (2019), the Supreme Court essentially overturned our precedent in *McKinney v. Pate,* 20 F.3d 1550 (11th Cir. 1994) (*en banc*), and *Cotton v. Jackson*, 216 F. 3d 1328 (11th Cir. 2000), and now she can state a due process claim.  She also argues that the recent decision of the Georgia Court of Appeals in her ongoing state litigation collaterally estops the board from arguing that it did not violate her due process rights.  Having read the parties' briefs and reviewed the record, we affirm the district court's order dismissing Randel's complaint.

I.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim.  *Chua v. Ekonomou*, 1 F.4th 948, 952 (11th Cir. 2021).  We also review *de novo* a district court's

conclusions on collateral estoppel. *Richardson v. Miller*, 101 F.3d 665, 667-68 (11th Cir. 1996). Collateral estoppel rules fully apply to § 1983 actions. *Brown v. City of Hialeah*, 30 F.3d 1433, 1437 (11th Cir. 1994).

Sitting as a panel, we cannot overturn one of our *en banc* decisions. *Amodeo v. FCC Coleman*, 984 F.3d 992, 1002 (11th Cir. 2021). The prior panel precedent rule requires us to follow a prior binding precedent unless and until it is overruled by the Supreme Court or our court *en banc*. *EEOC v. Excel, Inc.*, 884 F.3d 1326, 1332 (11th Cir. 2018). The prior panel precedent rule applies even if the prior precedent is arguably flawed. *See United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017). A "Supreme Court decision must be clearly on point" to overrule one of our prior panel's decisions. *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003). Additionally, the Supreme Court decision must "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).

Federal Rule of Civil Procedure 12(b)(6) permits defendants to move a district court to dismiss a case because the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing the grant of a Rule 12(b)(6) motion, we are "guided by the same principles of review as the district court" and view the complaint in the light most favorable to the plaintiff, accepting the complaint's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir.

4                    Opinion of the Court                    21-12760

2007).  To survive a motion to dismiss, a complaint must contain sufficient facts that, if true, state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  A claim is facially plausible if it creates a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II.

There are three elements to a § 1983 procedural due process claim: "(1) a deprivation of a constitutionally-protected . . . property interest; (2) state action; and (3) constitutionally-inadequate process." *Spencer v. Benison*, 5 F.4th 1222, 1232 (11th Cir. 2021) (quotation marks omitted) (alteration in original).  The process that a state provides is both that employed by the government entity whose action is in question and the remedial process that state courts would provide if asked. *Horton v. Bd. of Cnty. Comm'rs*, 202 F.3d 1297, 1300 (11th Cir. 2000).

In *McKinney*, we held that, "[w]hen a state procedure is inadequate," the state does not violate the plaintiff's due process right "unless and until the state fails to remedy that inadequacy."  20 F.3d at 1560.  The plaintiff's need to seek state remedies is a requirement to state a procedural due process claim. *Cotton*, 216 F.3d at 1331, 1331 n.2.  To provide an adequate remedy for an alleged procedural due process violation, a state need not provide all the relief that could be available in a § 1983 claim if it could have compensated the plaintiff for her property losses. *Id.* at 1331; *McKinney*, 20 F.3d at 1564.  Rather, "the state procedure must be able to correct

whatever deficiencies exist and to provide plaintiff with whatever process is due." *Cotton*, 216 F.3d at 1331.

In *Cotton*, we stated that, even if the plaintiff has no specific legal remedy, the ability to seek a writ of mandamus in the state supreme court may be a sufficient remedy to a local government's alleged procedural due process violation. *Cotton*, 216 F.3d at 1332; *see also Doe v. Valencia Coll.*, 903 F.3d 1220, 1234-35 (11th Cir. 2018) (affirming summary judgment entered against a defendant who could have petitioned for a writ of *certiorari* with the state supreme court regarding his expulsion from college). We determined that, even though the plaintiff sought a hearing to clear his name from the state's damage to his reputation, the mere possibility that the state supreme court could have issued a writ of mandamus in his favor was a sufficient process. *Cotton*, 216 F.3d at 1331-33; *see also Club Madonna, Inc. v. City. of Miami Beach*, 924 F.3d 1370, 1378-79 (11th Cir. 2019) (holding that the plaintiff had sufficient procedural due process because, after the city suspended its business license, local law entitled the plaintiff to an emergency hearing before a special master and an appeal of that decision to the state trial court).

In the employment context, we have determined that, when a former state employee alleged that the decisionmaker at his pre-termination hearing was biased, the state system provided a sufficient procedural process for him to redress that error because he could appeal his termination to the superior court of the proper county. *Narey v. Dean*, 32 F.3d 1521, 1527-28 (11th Cir. 1994). We

noted that the possibility to recover back pay and reinstatement to the former position provided adequate post-deprivation remedies for improperly terminated employees. *Id.* at 1528.

Under Georgia law, a hearing to address a teacher's firing "shall be conducted before the local board, or the local board may designate a tribunal to consist of not less than three nor more than five impartial persons possessing academic expertise to conduct the hearing and submit its findings and recommendations to the local board for its decision thereon." O.C.G.A. § 20-2-940(e)(1). After the local board issues its decision, the party aggrieved by that decision may appeal it to the State Board of Education. *Id.* § 20-2-1160(b). After the state board issues its decision, the aggrieved party may appeal to the superior court in the same county as the local board. *Id.* § 20-2-1160(c). However, "[n]either the state board nor the superior court shall . . . consider the matter de novo, and the review by the state board or the superior court shall be confined to the record." *Id.* § 20-2-1160(e).

## III.

As an initial matter, we note that binding precedent forecloses Randel's argument that *McKinney* and *Cotton* were wrongly decided because she is unable to show that *Knick* overruled either case. In the absence of such a showing, we are bound by our prior precedent.

We conclude from the record that the district court properly granted the board's motion to dismiss. Although the state supreme

court denied Randel's petition for writ of *certiorari*, *see Rabun Cnty. Bd. Of Educ. v. Randel*, S.E.2d 160 (Ga. Ct. App. 2021), *cert. denied*, Case No. S22C0268 (Ga. March 22, 2022), she still does not present a due process violation.  The state court system's willingness to review a claim of a biased state employment decisionmaker is sufficient process for such a claim, and both a state trial court and the state court of appeals have heard her claims.  She has not stated a due process violation for failure to provide sufficient damages because we have stated that back wages and reinstatement can be sufficient damages.  *See Narey*, 32 F.3d at 1528.  The state need not provide all the compensation that would be available under § 1983 if it was capable of remedying "whatever deficiencies exist" and providing her "with whatever process is due." *See Cotton*, 216 F.3d at 1331.  Because we conclude that the state did not entirely fail to provide Randel with a process to challenge her non-renewal of employment, the district court properly granted the state's motion to dismiss.  Based on the aforementioned reasons, we affirm the district court's order dismissing Randel's complaint.[1]

---

[1] We decline to address the issue of collateral estoppel even though Randel is not estopped from arguing that the state's failure to appoint a tribunal to hear her claim violated her right to due process because we conclude on the merits that Randel does not state a federal due process violation.  Randel contends that the state court of appeals concluded that there was no due process violation because state law did not require the appointment of a tribunal but it also explicitly found that no due process violation occurred on the facts of this case.  The state did not entirely fail to provide her a process for review of her non-renewal of her employment contract, and we have stated previously that

**AFFIRMED.**

---

Georgia's procedures are sufficient for a former employee who alleges that she was terminated by a biased government agency. *See Cotton*, 216 F.3d at 1331.