17753

Walker M. LANCASTER and Thelma S. Lancaster, Respondents, v. SMITHCO, INC., and Cecil O. Smith, Individually, and as Agent and President of Smithco, Inc., Appellants.

(119 S. E. (2d) 145)

16

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Appellants,*

*Messrs. Johnson & Smith,* of Spartanburg, *for Respondents,*

March 14, 1961.

· STEVE C. GRIFFITH, Acting Associate Justice.

This is an action by the purchasers of a house and lot against the sellers for fraud and deceit to recover both actual and punitive damages. Upon trial by jury the purchasers obtained a verdict for actual damages only.

The sellers appeal upon eleven exceptions, but as the Court views the matter the appeal will be disposed of by the consideration of the one exception charging error in the refusal to grant the motion of the sellers for a nonsuit in that the purchasers failed to allege and prove that the sellers intended to deceive them.

This Court has consistently held, and quite recently in *Warr v. Carolina Power & Light Company,* 237 S. C. 121, 115 S. E. (2d) 799, that one of the essential elements in an action for fraud and deceit is the intent to deceive. The distinguished trial Judge so charged the jury. So the question is narrowed to: Is there any evidence of intent to deceive?

The deed is in the usual form, conveying a fee simple title with general warranty, and describes the property as follows:

"All that lot or parcel of land lying and being on the south side of Continental Drive, Cedar Acres sub-division, Spartanburg County, S. C. *known and designated as Lot No. 10, Block 'C', as shown on plat by Gooch & Taylor, Surveyors, dated January 27, 1953 and recorded in Plat Book 29, page 198, 199 and 200 R. M. C. Office for Spartanburg County.* Said lot being more particularly described as follows: Beginning at an iron pin at corner between Lots 10 and 11 and running thence S. 24-24 E. 240.1 feet to an iron pin, the rear corner between Lots 10 and 11; thence S. 65-36 W. 80 feet to an iron pin, the rear corner between Lots 9 and 10; thence N. 24-24 W. 240.1 feet to iron pin at Continental Drive; thence N. 65-36 E. 80 feet to an iron pin, to point of beginning." (Emphasis added.)

The gist of the respondents' action is the allegation that the appellants breached the warranty "* * * in that they failed to deliver a clear title to the entire lot for the reason that Transcontinental Gas Pipe Line Corporation * * * had acquired an easement ninety feet wide across the rear" of the lot for the installation of pipe lines, and had installed two thereon.

The easement was not mentioned in the deed. However, this lot was part of a large residential development, which is shown on the plat referred to in the description in the deed and was recorded as stated therein. On the face of this plat there was plainly shown the existence of the pipe line crossing a portion of the development, including this lot, and the plat gave the book and page at which this easement was recorded. The respondents testified that they did not examine the plat, did not have the title examined, and had no knowledge of the easement until some time after their purchase and possession of the property and had relied solely upon the warranty.

Stated more concisely, the respondents rely solely upon the general warranty of the deed to prove a false representation, with intent to deceive.

The question here is a novel one in that we have been cited no case by a purchaser of real estate for fraud and deceit based upon an alleged breach of the general warranty of the deed of conveyance. In this case, we are of the opinion that the general warranty does not justify a finding of an intent to deceive by the appellants.

We limit this opinion to that one question, and express no opinion as to whether or not the evidence would justify a finding of a breach of warranty.

The case will be remanded to the Circuit Court for the entry of a nonsuit in accordance with rule 27.

TAYLOR, Acting C. J., and OXNER, LEGGE and Moss, JJ., concur.