■ Judith A. Learch, Individually and as Administratrix of the Estates of Joseph E. Learch, Deceased, and Another, Respondent, v Robert R. Bartell et al., Respondents-Appellants; Connie Godfrey, as Administratrix of the Estate of Edward H. Godfrey, Deceased, Appellant-Respondent, and County of Wayne, Respondent, et al., Defendants.—Order unanimously affirmed, without costs. Memorandum: On February 12, 1983, plaintiff Judith Learch was driving her car east on Walworth-Marion Road in the Town of Marion, Wayne County, and collided with a pickup truck, owned and operated by defendant Edward Godfrey, traveling north on Maple Avenue. Also riding in plaintiff's car were her husband Joseph

and two infant children—Jonathan, three years old, and Jamie, seven months old at the time of the accident. After the collision plaintiff's car came to rest in the westbound lane of Walworth-Marion Road east of the intersection and facing northwest. The Godfrey vehicle came to rest north of Walworth-Marion Road on the east side of Hall Center Road, which is the continuation of Maple Avenue after its intersection with Walworth-Marion Road. The front end of the Godfrey vehicle was damaged as was the right rear end of plaintiff's car. Following this accident another pickup truck operated by defendant Robert Bartell and traveling west on Walworth-Marion Road collided with plaintiff's vehicle. After the collisions it was discovered that Joseph and Jonathan Learch died and that Judith and Jamie Learch survived. Defendant Godfrey was taken to a hospital and died later that day.

Plaintiff commenced this lawsuit for her own injuries and for the wrongful death and conscious pain and suffering of her deceased husband and child. Defendant Godfrey moved for summary judgment dismissing all claims and cross claims on the ground that there was no direct eyewitness testimony as to the cause of the first collision. Defendant Bartell cross-moved for summary judgment on the ground that there was no evidence from which a jury could determine that plaintiff's decedents did not die as a result of the first collision and prior to the second collision.

Special Term properly denied the motions. The record reveals that although Mrs. Learch did not recall the happening of the first accident, she did recall that she was operating her vehicle with the headlights on and within the legal speed limit. She had the right-of-way because Godfrey's approach to the intersection on Maple Avenue was controlled by a stop sign while her approach was not controlled by any sign or light. The record also indicates that Godfrey had .20% by weight of alcohol in his blood. This evidence, plus the positions of the Learch and Godfrey vehicles immediately following the first accident and the damage to each vehicle, raises a question of fact whether Godfrey was negligent.

The evidence also established that after the first accident several witnesses heard a child crying and saw Mr. Learch alive and heard him groaning in pain. The investigating officer also believed that Mr. Learch was alive after the first accident and died as a result of the second collision. Given the relaxed burden of a plaintiff's proof in a wrongful death action *(see, Noseworthy v City of New York,* 298 NY 76), particularly where, as here, the plaintiff does not recall the accident *(see,*

*Schechter v Klanfer,* 28 NY2d 228), there is an issue of fact whether the second collision caused the death of plaintiff's husband and infant son *(see, Matter of Fasano v State of New York,* 113 AD2d 885, 888; *Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 137).

Lastly, we find no abuse of discretion in Special Term's consideration of the opposing affidavits and exhibits which, although served three days late, caused no prejudice to defendant Godfrey *(see,* Siegel Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:14, p 81). (Appeals from order of Supreme Court, Wayne, County, Rosenbloom, J.—summary judgment.) Present—Dillon, P. J., Boomer, Green, Pine and Lawton, JJ.