23973

Abraham SHELTON, Appellant v. Thelma S. BRESSANT and Ruth Shelton, Respondents.

(439 S.E. (2d) 833)

Supreme Court

*Mark E. Hall,* Columbia, *for appellant.*

*J. Marvin Mullis, Jr.* and *Frank A. Barton,* Columbia, *for respondent.*

Heard Nov. 16, 1993

Decided Dec. 20, 1993

CHANDLER, Justice:

Abraham Shelton appeals an Order compelling enforcement of a settlement agreement between him and Respondents, his sisters. We affirm.

## FACTS

Shelton filed suit against sisters seeking his interest in rents and profits from land collectively owned, as well as his share of personal property inherited from their father. On September 13, 1991, Shelton and his attorney appeared in open court and advised the presiding judge that the case had been settled. The next day the parties met to discuss the settlement. They reached an oral agreement, which was tape-recorded and subsequently transcribed.

Shortly thereafter, Shelton attempted to repudiate the settlement agreement, contending that it failed to meet his terms. Sisters' motion to compel enforcement of the settlement agreement was granted by Circuit Court.

## ISSUE

Is Shelton bound by the settlement agreement?

## DISCUSSION

We uphold and reaffirm the long-standing rule that a client is bound by his attorney's actions in the settlement of a case. "Acts of an attorney are directly attributable to and binding upon the client. Absent fraud or mistake, where attorneys of record for a party agree to settle a case, the party cannot later repudiate the agreement." *Arnold v. Yarborough,* 281 S.C. 570 at 572, 316 S.E. (2d) 416 at 417

(Ct. App. 1984) (internal citations omitted). *See also Ex Parte Jones,* 47 S.C. 393, 25 S.E. 285 (1986); *Kirkland v. Moseley,* 109 S.C. 477, 96 S.E. 608 (1917) (party cannot set aside settlement agreement agreement signed pursuant to attorney's erroneous advice).

■ Shelton's contention that the suit was not settled according to his instructions does not entitle him to rescind the agreement.

When a litigant voluntarily accepts an offer of settlement, either *directly* or *indirectly* through the duly authorized actions of his attorney, the integrity of the settlement cannot be attacked on the basis of inadequate representation by the litigant's attorney. In such cases, any remaining dispute is purely between the party and his attorney.

*Petty v. The Timken Corp.,* 849 F. (2d) 130 at 133 (4th Cir. 1988) (emphasis supplied).

Moreover, the transcript of the agreement makes manifest that it was Shelton himself, not his attorney, who agreed to its terms. He may not subsequently repudiate it.

Affirmed.

TOAL and MOORE, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

FINNEY, J., not participating.