488 S.E.2d 334

**Susan CROWLEY, Appellant,**

v.

**HARVEY & BATTEY, P.A. and Peter L. Fuge, Respondents.**

No. 24647.

Supreme Court of South Carolina.

Reheard Oct. 19, 1995.

Decided July 21, 1997.

A. Camden Lewis and Mark W. Hardee, both of Lewis, Babcock & Hawkins, Columbia, for appellant.

Susan Taylor Wall and Thomas J. Keaveny, II, both of Holmes & Thomson, Charleston, for respondents.

FINNEY, Chief Justice:

We granted rehearing to consider our original opinion in this matter, *Crowley v. Harvey & Battey,* Op. No. 24237 (S.C. Sup.Ct. filed April 17, 1995), and now withdraw that opinion and substitute this one.

■ This is an appeal from an order granting summary judgment in a legal malpractice suit. Appellant, a former client of respondents, alleges respondents negligently advised her in settling the property division issues in her divorce action. The trial judge granted respondents summary judgment finding appellant had ratified the alleged negligence by accepting financial benefits under the agreement, and by suing to enforce the agreement. We reverse.

■ In South Carolina, an attorney may settle litigation on behalf of his client, and absent fraud or mistake, such a settlement is binding on the client. e.g., *Poore v. Poore,* 105 S.C. 206, 89 S.E. 569 (1916); *Arnold v. Yarborough,* 281 S.C. 570, 316 S.E.2d 416 (Ct.App.1984). This rule is based on principles of agency law. *Id.* We have further held that where a client alleges his former attorney was negligent in advising him to accept a settlement, that alleged negligence is not a ground for attacking the settlement itself but rather is a matter left for a malpractice suit between the client and his attorney. *Shelton v. Bressant,* 312 S.C. 183, 439 S.E.2d 833 (1993).

Here, appellant's claim is controlled by *Shelton, supra.* Respondents and the trial court relied on *L.F.S. Corp. v. Kennedy,* 287 S.C. 162, 337 S.E.2d 209 (1985) to find appellant's ratification barred this suit. *L.F.S.* is clearly distinguishable. In *L.F.S.,* the malpractice claim was premised on allegations that the attorney had exceeded his authority in settling the client's case. *Despite knowledge of this problem,* the client ratified its attorney-agent's acts by accepting the benefits of the settlement. Under well-settled principles of

agency law, we held the client had ratified his agent's acts and therefore could not maintain a malpractice suit. *L.F.S., supra.*

This case involves an entirely different claim, going to the adequacy of the attorneys' advice to their client. We hold that where, as here, the settlement itself cannot be attacked and the issue is not one of agency but of negligence, the fact the client has accepted the benefits of the settlement and judicially sought to enforce its terms are not bars to maintenance of a malpractice claim. To hold otherwise would be to absolve the client of the duty to mitigate damages, and to require her to forego whatever benefit she is entitled to under the settlement in order to maintain a suit against her attorney, which if successful will result in a recovery only in the amount of the difference between the settlement entered and the amount it would have been but for the attorney's negligence. In other words, the client would be bound by the settlement, *Shelton, supra,* but would be denied its benefits.

In their brief before this Court and in their petition for rehearing, respondents assert for the first time that appellant's remedy is not a malpractice suit but rather a family court action to set aside the settlement decree either because of her ex-husband's alleged fraud or simply because it is "substantially unfair." This assertion is not properly before this Court because it was neither raised to nor ruled upon by the circuit court. *e.g., Connolly v. People's Life Ins. Co.,* 299 S.C. 348, 384 S.E.2d 738 (1989). Moreover, we are unaware of any authority for the proposition that a final property settlement can be attacked on the ground of "substantial unfairness." *see* S.C.Code Ann. § 20–7–472 (Supp.1995). Even if we were to accept respondents' untimely assertions of fraud on the part of appellant's ex-husband, his actions would constitute intrinsic fraud which could not be used to attack this decree entered well over seven years ago. *see Mr. G. v. Mrs. G.,* 320 S.C. 305, 465 S.E.2d 101 (Ct.App.1995). Finally, there is no basis in this record to conclude that, even if fraud were found, respondents were not negligent in failing to discover it during their representation of appellant. This unpreserved allegation is irrelevant to the issue before the Court, that is, whether this malpractice claim is barred by appellant's ratification.

This is not an agency issue, and there was no ratification. The order granting respondents summary judgment is

REVERSED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.