576 S.E.2d 183

**David NEXSEN, Respondent,**

v.

**Richard B. HADDOCK, Aubrey E. Judy, James G. Lifrage, Marion Driggers, Larry Poston, Kenneth E. McClary, Jerry L. Weaver, Billy D. Weaver, Glen Weaver and Gerald Weaver,**

**Of whom, James G. Lifrage and Marion Driggers are, Appellants.**

**No. 3581.**

Court of Appeals of South Carolina.

Heard Nov. 5, 2002.

Decided Dec. 19, 2002.

Rehearing Denied Feb. 20, 2003.

Michael G. Nettles, of Lake City, for appellants.

Jeffrey L. Payne, James D. Smith, Jr., of Florence, for respondent.

CURETON, J.:

David Nexsen brought this action seeking a declaration that the sublease between Kenneth E. McClary, James G. Lifrage and Marion Driggers is a nullity pursuant to S.C.Code Ann. § 27–35–60 (1976, as amended). The trial judge found the sublease to be invalid. Lifrage and Driggers appeal. We affirm.

## FACTS AND PROCEDURAL HISTORY

In 1996, David Nexsen purchased a tract of land on the Black River in Williamsburg County, South Carolina. At the time the property was purchased, the tract had been divided into three lots, with each lot being subject to a lease. Kenneth E. McClary was a tenant on lot 2 and a party to one of the leases. McClary's lease allowed for the use and occupancy of the premises as the tenant "desired." The terms of the lease did not prohibit the subleasing of the property.

In July, 2000, McClary entered into a sublease with James G. Lifrage and Marion Driggers (Appellants). This lease was recorded in the Office of the Clerk of Court for Williamsburg County. Neither McClary, nor Appellants, asked Nexsen's permission prior to entering into the sublease.

Nexsen brought this action seeking to have the lease between McClary and Appellants declared a nullity. Following a hearing on both parties' motions for summary judgment, the trial judge held that S.C.Code Ann. § 27–35–60 prohibits the sublease of property without the written consent of the landlord, and as a result, the sublease between the Appellants and McClary was invalid.

## LAW/ANALYSIS

Appellants aver the trial court erred in finding that S.C.Code Ann. § 27–35–60 prohibits the sublease of property without the written consent of the landlord under the facts of this case. Appellants contend that the terms of the lease agreement control the issue of whether McClary was able to sublease the property. Appellants argue that because the lease contains language to the effect that the tenant may use the property "as desired", and because the original owner testified he had no intention of limiting McClary's ability to

sublease the property, that under the terms of the lease, McClary had the right to sublease the property.

When Nexsen purchased the tract of land in question, the property continued to be burdened with the lease entered into between McClary and the previous owner of the tract. *See* S.C.Code Ann. § 27–35–50 (1976):

> When real estate is sold while under lease, the relationship of landlord and tenant is created ipso facto as between the purchaser and the tenant as if the purchaser had been the landlord in the first instance and the purchaser shall be entitled to all the benefits and rights under such lease as if he had been the lessor from the date of the purchase.

Nexsen contends, however, that because the lease is silent as to whether or not the property may be subleased, S.C.Code Ann. § 27–35–60 controls. The statute states:

> A sublease by a tenant without written consent of the landlord is a nullity insofar as the rights of the landlord are concerned, except that rent collected by a tenant from a subtenant shall be deemed to be held in trust by the tenant for the benefit of the landlord until the payment of the landlord's claim for rent. But when the premises have been sublet the sublessor, as between himself and the subtenant or sublessee, shall be deemed the landlord and the sublessee the tenant under him . . .

S.C.Code Ann. § 27–35–60 (1976). Nexsen argues § 27–35–60 prohibits McClary from subleasing the property.

■ "In reviewing the grant of a summary judgment motion, we apply the same standard which governs the trial court under Rule 56(c), SCRCP. Summary judgment is proper when there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Baughman v. American Tel. and Tel. Co.*, 306 S.C. 101, 114–15, 410 S.E.2d 537, 545 (1991) (citations omitted). "When an appeal involves stipulated or undisputed facts, an appellate court is free to review whether the trial court properly applied the law to those facts." *WDW Prop. v. City of Sumter*, 342 S.C. 6, 10, 535 S.E.2d 631, 632 (2000).

■ "The cardinal rule of statutory construction is that we are to ascertain and effectuate the actual intent of the

legislature." *Burns v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 520, 522, 377 S.E.2d 569, 570 (1989). "[W]ords used therein must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand its operation." *Hitachi Data Sys. Corp. v. Leatherman*, 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992). "The language must also be read in a sense which harmonizes with its subject matter and accords with its general purpose." *Id.*

Examining the terms of the lease, we find the language in the lease agreement that the tenant shall "use and occupy the premises as desired, including the construction of a dwelling, etc., thereon" is not sufficient to convey to McClary the right to sublease the property. Therefore, applying the plain meaning of S.C.Code Ann. § 27–35–60 to the facts and circumstances of this case, we find that absent Nexsen's written consent, the sublease between McClary and Appellants is a nullity. *See Dobyns v. S.C. Dep't of Parks, Recreation and Tourism*, 325 S.C. 97, 103, 480 S.E.2d 81, 84 (1997) (where our supreme court refused to adopt a reasonableness requirement into a lease that permitted subleasing "upon the consent of the lessor").

### CONCLUSION

For the foregoing reasons, the judgment of the trial court is **AFFIRMED.**

HEARN, C.J., and HUFF, J., concur.