663 S.E.2d 70

**Deborah W. SPENCE, Individually, and on behalf of the Estate of Floyd W. Spence, Appellant,**

v.

**Kenneth B. WINGATE, Sweeny Wingate & Barrow, P.A., Respondents.**

No. 4370.

Court of Appeals of South Carolina.

Heard Sept. 11, 2007.
Decided April 17, 2008.
Rehearing Denied June 27, 2008.

A. Camden Lewis and Brady R. Thomas, both of Columbia, for Appellant.

Pope D. Johnson, III, of Columbia, for Respondents.

THOMAS, J.

This is a legal malpractice action. The trial judge granted partial summary judgment to Respondents Kenneth B. Wingate and his law firm, Sweeney Wingate & Barrow, finding they did not owe a fiduciary duty to Deborah Spence (Wife) concerning her late husband's life insurance policy. Wife appeals. We affirm.

## FACTS

Viewing the record in the light most favorable to Wife, we find the following: On August 13, 2001, Wingate commenced legal representation of Wife. The purpose of the representation was to negotiate an agreement on Wife's behalf with the four sons of her husband, Congressman Floyd W. Spence, concerning the division of Spence's probate estate. Wife and Spence's sons entered into such an agreement on August 15, 2001. During the course of Wingate's representation of Wife, Wife also consulted with him about her husband's Federal Group Life Insurance Policy and informed him Spence had named her as beneficiary. On August 16, 2001, Spence died. Either in mid-August or early September, Wingate became the attorney for Spence's estate.

In 1988, Spence had named each of his four sons and Wife as equal beneficiaries under the life insurance policy. Shortly before his death, however, Spence attempted to make Wife the sole beneficiary of the policy. After Spence died, the Mem-

488

bers Services Office of the United States House of Representatives determined the proceeds of the policy should be divided equally among Wife and the four sons and made payment accordingly.

Wife brought this action against Respondents, alleging negligence, professional negligence, breach of fiduciary duty, and civil conspiracy. After Respondents answered, they moved for partial summary judgment, claiming they were not liable to Wife or Spence's estate in connection with Spence's congressional life insurance policy. Following a hearing, the trial judge granted partial summary judgment to Respondents, holding that "[b]y statute, [Respondent] owed no duty or obligation to [Wife] with respect to the congressional life insurance police or the manner in which it was paid." This appeal followed.

## STANDARD OF REVIEW

█ In reviewing a grant of summary judgment, the appellate court uses the same standard that governs the trial court under Rule 56(c), SCRCP. *Nexsen v. Haddock*, 353 S.C. 74, 77, 576 S.E.2d 183, 185 (Ct.App.2002). Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. Nevertheless, "[a]n issue is not preserved where the trial court does not explicitly rule on an argument and the appellant does not make a Rule 59(e) motion to alter or amend the judgment." *Jones v. State Farm Mut. Auto. Ins. Co.*, 364 S.C. 222, 235, 612 S.E.2d 719, 726 (Ct.App.2005); *see also Pye v. Estate of Fox*, 369 S.C. 555, 565, 633 S.E.2d 505, 510 (2006) ("Generally, an issue must be raised to and ruled upon by the circuit court to be preserved.").

## LAW/ANALYSIS

█ On appeal, Wife argues a genuine issue of material fact exists as to whether Respondents breached a fiduciary duty owed to her arising from Wingate's earlier representation of her in a related matter. Respondents contend this argument

is not preserved for review because the trial judge did not explicitly rule on this argument and Wife did not move to alter or amend the appealed order on that ground. In her reply brief, Wife maintains no motion to alter or amend was necessary because the sole argument she advanced as the basis for the existence of a fiduciary duty was Respondents' prior legal representation of her.

We agree with Respondents that it was incumbent on Wife to move under Rule 59(e), SCRCP, for a ruling on the issue of whether Respondents owed her a fiduciary duty based on her status as their former client in order to preserve this argument for appeal. In granting partial summary judgment to Respondents, the trial judge relied on South Carolina Code section 62–1–109. That section provides as follows:

Unless expressly provided otherwise in a written employment agreement, the creation of an attorney-client relationship between a lawyer and a person serving as a fiduciary shall not impose upon the lawyer any duties or obligations to other persons interested in the estate, trust estate, or other fiduciary property, even though fiduciary funds may be used to compensate the lawyer for legal services rendered to the fiduciary. This section is intended to be declaratory of the common law and governs relationships in existence between lawyers and persons serving as fiduciaries as well as such relationships hereafter created.

S.C.Code Ann. § 62–1–109 (Supp.2007).[1] This statute provides only that a lawyer's representation of a fiduciary in a probate matter does not, without more, impose on the lawyer responsibilities to other parties with interests in the fiduciary property. It does not address whether attorneys representing fiduciaries could be accountable to such claimants for other reasons.

Even if, as Wife asserts, the only argument she offered in opposition to the summary judgment motion was that Respondents owed her a fiduciary duty regarding Spence's life insurance policy because she had consulted with Wingate in the past about the matter, the trial judge apparently overlooked

1. The trial court cited the version appearing in the 2005 supplement of the South Carolina Code, which is identical to that appearing in the 2007 supplement.

the prior attorney-client relationship. A careful examination of the appealed order indicates the trial judge considered only (1) Wingate's later role as the attorney for Spence's estate, and (2) the fact that Wingate did not represent Wife individually at the time of Spence's death. The trial judge did not mention Wife's alternative theory of liability that, as a former client of Respondents, she had a continuing fiduciary relationship with them that would not be affected by section 62–1–109. There is nothing in the appealed order suggesting the trial judge determined this statute absolved Wingate of all responsibilities to Wife regardless of when or how they arose. Absent an explicit ruling on the argument Wife advances in her appeal, we cannot disturb the trial judge's decision. *See Shealy v. Aiken County,* 341 S.C. 448, 460, 535 S.E.2d 438, 444–45 (2000) (holding a general ruling by the trial court is insufficient to preserve a specific issue for appellate review); *Van Blarcum v. City of N. Myrtle Beach,* 337 S.C. 446, 453, 523 S.E.2d 486, 490 (Ct.App.1999) (stating a reviewing court cannot address an issue on which there is an implicit rather than explicit ruling).

Under these circumstances, we cannot in good conscience address the issue of whether Wingate's prior representation of Wife in a related matter creates genuine issues of material fact as to whether Respondents owed and breached a fiduciary duty to Wife. The trial judge did not rule on this argument and was never requested to correct this omission.

**AFFIRMED.**

ANDERSON, J., concurs.

HEARN, C.J., dissents in a separate opinion.

HEARN, C.J. (dissenting).

I respectfully dissent. I would hold the issue is preserved for our review, and that the circuit court judge erred in granting summary judgment on Wife's breach of fiduciary duty claim.

Wife's allegation that Wingate breached his fiduciary duty to her with regard to Spence's congressional life insurance policy was based upon their prior attorney-client relationship. As the majority opinion notes, and as Wingate's counsel

conceded during oral argument, Wife's only argument in opposition to Wingate's motion for summary judgment on the breach of fiduciary claim was this prior attorney-client relationship. Inexplicably, and erroneously, the circuit court judge ruled that S.C.Code Ann. § 62–1–109 (Supp.2005) precluded Wife's claim for breach of fiduciary duty, apparently believing that statute completely resolved Wife's argument concerning the parties' prior attorney-client relationship. In its order, the circuit court stated: "By statute, [Wingate] owed no duty or obligation to [Wife] with respect to the congressional life insurance policy or the manner in which it was paid." Because the issue of Wingate's prior representation of Wife was the *only* argument made by Wife in support of her claim for breach of fiduciary duty, and because the circuit court ruled on this issue, a Rule 59(e) motion was unnecessary. *See Elam v. South Carolina Department of Transportation*, 361 S.C. 9. 25, 602 S.E.2d 772, 780 (2004) ("Civil procedure and appellate rules should not be written or interpreted to create a trap for the unwary lawyer or party"); *Hardaway Concrete Co. Inc. v. Hall Contracting Corp.*, 374 S.C. 216, 225, 647 S.E.2d 488, 493 (Ct.App.2007) (holding a Rule 59(e) motion unnecessary to preserve an argument for appeal where the issue was raised to, and ruled upon by the circuit court).

On the merits, I would hold that a genuine issue of material fact existed as to whether Wingate breached a fiduciary duty when he failed to advise or assist Wife with the life insurance policy. Accordingly, I believe the circuit court erred in ruling that, as a matter of law, no duty was owed.

"A fiduciary relationship is founded on the trust and confidence reposed by one person in the integrity and fidelity of another." *Moore v. Moore*, 360 S.C. 241, 250, 599 S.E.2d 467, 472 (Ct.App.2004). "An attorney/client relationship is by nature a fiduciary one." *Hotz v. Minyard*, 304 S.C. 225, 230, 403 S.E.2d 634, 637 (1991). "One standing in a fiduciary relationship with another is subject to liability to the other for harm resulting from a breach of duty imposed by the relation." *Smith v. Hastie*, 367 S.C. 410, 417, 626 S.E.2d 13, 17 (Ct.App. 2005).

Here, it is undisputed that Wingate represented Wife while negotiating an agreement between her and Spence's sons regarding Spence's probate estate. During that representa-

tion, Wife alleges she informed Wingate of her status as sole beneficiary under her husband's life insurance policy. Soon thereafter, Wife was told Wingate had become the attorney for her husband's estate. However, Wife alleges that Wingate never severed their attorney-client relationship. Wife claims that when Wingate informed her he was going to be the attorney for her husband's estate, he told her that she no longer needed a lawyer. At a subsequent family meeting, Wife claims Wingate suggested she give the sons the entire life insurance policy, despite his knowledge that Spence had designated her as the sole beneficiary. Upon hearing this suggestion, Wife alleges she asked Wingate "to put his hat back on as [her] attorney and help [her]." According to Wife, Wingate refused to assist her.

Based on these allegations, there is evidence to support Wife's claim that a fiduciary relationship existed between her and Wingate, and that Wingate breached this fiduciary duty. Wingate had been her attorney, and in that capacity, she discussed with him her claim to Spence's life insurance. Thereafter, Wife alleges Wingate began representing the estate without severing their attorney-client relationship, advised her not to obtain a new attorney, refused to counsel her on how to claim her benefits, and even suggested she give up all of her rights under the policy. While a jury may ultimately find Wingate committed no wrongdoing, I would hold the circuit court erred in making that determination as a matter of law.

Accepting Wife's allegations as true, as we must when reviewing an order granting summary judgment, Wingate, as Wife's attorney, owed her certain fiduciary duties. *Hotz*, 304 S.C. at 230, 403 S.E.2d at 637. These duties are distinct from any duties arising from Wingate's representation of the estate. Therefore, I would hold the allegations by Wife are sufficient to present a genuine issue of material fact for the jury to determine whether Wingate's conduct amounted to a breach of a fiduciary duty. *See Id.* (concluding summary judgment was improperly granted where evidence indicated a factual issue existed as to whether a fiduciary duty had been breached).[2]

Accordingly, I would **REVERSE**.

---

2. I note that Wife's allegations also support damages caused by Wingate's breach of fiduciary duty. Specifically, Wife claims that as a

result of Wingate's breach, the insurance benefits were divided five ways among Wife and her husband's four sons instead of being paid solely to her. Moreover, Wife claims that had Wingate not breached this fiduciary duty, and either helped her file a declaratory judgment or advised her to hire another lawyer, she would not have suffered these damages.