674 S.E.2d 169

**Deborah W. SPENCE, Individually, and on behalf of the Estate of Floyd W. Spence, Petitioner,**

v.

**Kenneth B. WINGATE, Sweeny Wingate & Barrow, P.A., and Robert P. Wilkins, Jr., Defendants,**

**of whom Kenneth B. Wingate and Sweeny Wingate & Barrow, P.A. are Respondents.**

No. 26613.

Supreme Court of South Carolina.

Submitted March 4, 2009.

Decided March 9, 2009.

Rehearing Denied April 9, 2009.

488

A. Camden Lewis, and Brady R. Thomas, of Lewis & Babcock, LLP, of Columbia, for Petitioner.

Pope D. Johnson, III, of Johnson & Barnette, LLP, of Columbia, for Respondents.

PER CURIAM.

Petitioner filed a legal malpractice action against respondents. The trial judge granted respondents' motion for summary judgment on the issue of whether respondents owed

petitioner a fiduciary duty with respect to a congressional life insurance policy issued to petitioner's late husband. The Court of Appeals affirmed, holding the issue was not preserved for review. *Spence v. Wingate,* 378 S.C. 486, 663 S.E.2d 70 (Ct.App.2008). We grant the petition for a writ of certiorari, dispense with further briefing, reverse the Court of Appeals' opinion, and remand the matter to the Court of Appeals for a ruling on the merits of petitioner's arguments.

At the hearing on respondents' motion for summary judgment, respondents argued they were entitled to summary judgment because there existed no attorney-client relationship between respondents and petitioner; therefore, respondents owed no duty to petitioner. Petitioner countered that she was a former client of respondents, and maintained respondents owed her a fiduciary duty based on the relationship. The trial judge granted summary judgment, finding respondents "owed no duty or obligation" to petitioner.

The Court of Appeals held the issue was not preserved for review because petitioner failed to file a Rule 59(e), SCRCP, motion to alter or amend the judgment. The Court of Appeals found the argument was not preserved because the trial judge did not mention petitioner's alternative theory of liability that, as a former client of respondents, she had a continuing fiduciary relationship with respondents.

We hold the Court of Appeals erred in finding the issue was not preserved for appeal. The trial judge's order granted respondents' motion for summary judgment on *precisely* the grounds argued by respondents at the summary judgment hearing. While that order did not restate the ground on which petitioner opposed the motion—a duty based on the existence of a prior attorney-client relationship—the order explicitly addresses that argument by ruling respondents "owed no duty or obligation" to petitioner. This ruling is sufficient to preserve petitioner's argument that respondents owed a duty to petitioner, and petitioner was not required to file a Rule 59(e) motion to alter or amend in order to preserve the issue for appeal. *See I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (holding that, if the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a Rule 59(e)

motion to alter or amend the judgment in order to preserve the issue for appellate review).

Accordingly, we hold the Court of Appeals erred in finding the issue was not preserved for review, and we remand the matter to the Court of Appeals for a ruling on the merits.

**REVERSED AND REMANDED.**

WALLER, ACTING CHIEF JUSTICE, BEATTY, and KITTREDGE, JJ., concur; TOAL, C.J., and PLEICONES, J., not participating.