684 S.E.2d 188

**Deborah W. SPENCE, Individually, and on behalf of the Estate of Floyd W. Spence, Appellant,**

v.

**Kenneth B. WINGATE, Sweeny Wingate & Barrow, P.A., Respondents.**

No. 4585.

Court of Appeals of South Carolina.

Submitted June 1, 2009.

Decided July 9, 2009.

Withdrawn, Substituted and Refiled Sept. 18, 2009.

Rehearing Denied Sept. 19, 2009.

A. Camden Lewis and Brady R. Thomas, both of Columbia, for Appellant.

Pope D. Johnson, III, of Columbia, for Respondents.

HEARN, C.J.

Deborah Spence (Wife) appeals from the circuit court's grant of partial summary judgment in favor of Kenneth Wingate, finding he did not breach his fiduciary duty to Wife regarding her husband's life insurance policy. We reverse.

## FACTS[1]

On August 13, 2001, respondents Kenneth Wingate and Sweeny Wingate & Barrow, P.A. (collectively Wingate) commenced legal representation of Wife. The purpose of the representation was to negotiate an agreement between Wife and the four sons of her husband, Congressman Floyd W. Spence, concerning the division of Spence's probate estate.

---

1. Based on our standard of review, the following facts are recited in a light most favorable to Wife. *See Osborne v. Adams,* 346 S.C. 4, 7, 550

Wife and Spence's sons entered into an agreement on August 15, 2001. During the course of Wingate's representation of Wife, she consulted with Wingate concerning her husband's Federal Group Life Insurance Policy (the Policy). On August 16, 2001, Spence died. Either in mid-August or early September, Wingate became the attorney for Spence's estate.

Spence had named each of his four sons and Wife as equal beneficiaries under the Policy in 1988. However, prior to his death, Spence attempted to change the named beneficiaries to Wife only. After Spence died, the Members Services Office of the United States House of Representatives determined the benefits of the Policy should be paid equally to Wife and the four sons, and payment was made accordingly.

Wife brought an action against Wingate alleging, among other things, that he breached his fiduciary duty to her by failing to advise her to obtain another attorney, or in the alternative, by failing to file a declaratory judgment action on her behalf concerning the Policy. The circuit court granted Wingate's motion for summary judgment on the issue of whether Wingate owed a fiduciary duty to Wife regarding the Policy. The court based its ruling on the fact that Wingate, as attorney for the estate, did not owe a fiduciary duty to Wife as a beneficiary of the estate. Wife appeals this determination.

## STANDARD OF REVIEW

In reviewing the grant of summary judgment, the appellate court applies the same standard that governs the trial court under Rule 56(c), SCRCP. *Nexsen v. Haddock*, 353 S.C. 74, 77, 576 S.E.2d 183, 185 (Ct.App.2002). Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c).

## LAW/ANALYSIS

██ Wife argues a genuine issue of material fact exists as to whether Wingate breached a fiduciary duty owed to her

---

S.E.2d 319, 321 (2001) (explaining evidence must be viewed in the light most favorable to the non-moving party when ruling on a motion for summary judgment).

based on Wingate's representation of Wife in a prior related matter.[2]  We agree.

"A fiduciary relationship is founded on the trust and confidence reposed by one person in the integrity and fidelity of another." *Moore v. Moore,* 360 S.C. 241, 250, 599 S.E.2d 467, 472 (Ct.App.2004).  "An attorney/client relationship is by nature a fiduciary one." *Hotz v. Minyard,* 304 S.C. 225, 230, 403 S.E.2d 634, 637 (1991).  "One standing in a fiduciary relationship with another is subject to liability to the other for harm resulting from a breach of duty imposed by the relation." *Smith v. Hastie,* 367 S.C. 410, 417, 626 S.E.2d 13, 17 (Ct.App.2005).

It is undisputed that Wingate represented Wife while negotiating an agreement between her and Spence's sons regarding the probate estate.  During that representation, Wife alleges she informed Wingate of her status as sole beneficiary under the Policy.  Only days after negotiating on behalf of Wife, Wingate assumed the responsibilities of attorney for Spence's estate;  however, Wife alleges Wingate never severed their attorney-client relationship.  In fact, Wife claims that when Wingate informed her he was going to be the attorney for her husband's estate, he told her that she no longer needed an attorney.  Moreover, at a subsequent family meeting, Wife maintains Wingate suggested she give Spence's sons the entire amount due under the Policy, despite his knowledge that Spence had designated her as the sole beneficiary.  Upon hearing this suggestion, Wife alleges she asked Wingate "to put his hat back on as [her] attorney and help [her]."  According to Wife, Wingate refused to assist her.

Accepting Wife's allegations as true, as we must when reviewing an order granting summary judgment, a factual issue exists regarding what if any fiduciary duties were owed to Wife, and whether these duties were breached.  *See Hotz,* 304 S.C. at 230, 403 S.E.2d at 637.  Duties to a former client

---

2.  This court initially held Wife's contention unpreserved for review, but was reversed upon grant of certiorari by the supreme court.  See *Spence v. Wingate,* 378 S.C. 486, 663 S.E.2d 70 (Ct.App.2008), *reversed,* 381 S.C. 487, 674 S.E.2d 169 (2009).  Therefore, we will now address the merits of Wife's arguments.

on a related matter are separate and distinct from any duties arising from Wingate's representation of the estate; therefore, the circuit court erred in finding section 62-1-109 of the South Carolina Code (Supp.2007) absolved Wingate of any duty he owed to Wife. *See* Rule 1.9(a), RPC, Rule 407, SCACR ("A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation."). While a jury may ultimately find Wingate committed no wrongdoing, the circuit court erred in making that determination as a matter of law. As a result, we find Wife's allegations sufficient to survive summary judgment.[3] Accordingly, the order of the circuit court is

**REVERSED and REMANDED.**

THOMAS, J., and KONDUROS, J., concur.

---

**3.** We note Wife's allegations also support damages caused by Wingate's breach of fiduciary duty. Specifically, Wife claims that as a result of Wingate's breach, the insurance benefits were divided five ways, among Wife and her husband's four sons, instead of being paid solely to her. Wife further claims that had Wingate not breached this fiduciary duty, and either helped her file a declaratory judgment or advised her to hire another attorney, she would not have suffered these damages.