**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Fatima Karriem, through her court appointed guardian, Phillip Simmons, Petitioner,

v.

Sumter County Disabilities and Special Needs Board, Respondent.

Appellate Case No. 2014-002743
Lower Court Case No. 2008-CP-43-01037

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal From Sumter County
The Honorable Clifton Newman, Circuit Court Judge

---

Memorandum Opinion No. 2015-MO-014
Submitted March 10, 2015 – Filed March 25, 2015

---

**REVERSED IN PART AND REMANDED**

---

Joseph Thomas McElveen, III, and John Richard Moorman, both of The Bryan Law Firm of SC, LLP, of Sumter, for Petitioner.

G. Murrell Smith, Jr., of Columbia, for Respondent.

---

**PER CURIAM:** Petitioner seeks a writ of certiorari to review the Court of Appeals' decision in *Karriem v. Sumter Cnty. Disabilities and Special Needs Bd.,* Op. No. 2014-UP-365 (S.C. Ct. App. filed Oct. 22, 2014). We deny the petition as to Question I. As to Question II, we grant the petition, dispense with further briefing, reverse the Court of Appeals' opinion in part, and remand to the Court of Appeals for consideration in accordance with this opinion.

Petitioner argues the Court of Appeals erred in finding the circuit court failed to rule on her premises liability arguments in granting respondent's motion for summary judgment. We agree.

A losing party must present her issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments. *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 441-42, 526 S.E.2d 716, 724 (2000). If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a Rule 59(e), SCRCP, motion to alter or amend the judgment in order to preserve the issue for appellate review. *Id*. Imposing this preservation requirement on the appellant is meant to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments. *Id.*

The Court of Appeals affirmed the circuit court's decision to grant respondent's motion for summary judgment. However, relying on *I'On, L.L.C.*, *supra*, the Court of Appeals declined to address petitioner's argument that summary judgment on her premises liability claim was not proper, finding although petitioner effectively raised the issue, the circuit court failed to rule on it. The Court of Appeals found, because petitioner failed to file a Rule 59(e) motion to seek a ruling on the issue, it was not preserved for appellate review.

We find the circuit court ruled on petitioner's premises liability arguments, and, therefore, the Court of Appeals should have addressed whether summary judgment on petitioner's premises liability claim was proper. *See Spence v. Wingate*, 381 S.C. 487, 674 S.E.2d 169 (2009) (holding issue was preserved when "the trial judge's order granted respondents' motion for summary judgment on *precisely* the grounds argued by respondents at the summary judgment hearing").

Accordingly, we remand this case to the Court of Appeals for consideration on the merits of: 1) whether petitioner's premises liability claim is subject to a Tort Claims Act exception, and 2) whether summary judgment on petitioner's premises liability claim is proper.

**REVERSED IN PART AND REMANDED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**