**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Jane Doe, as guardian for John Doe, Petitioner,

v.

Boy Scout Troop 292, Spartanburg, SC; Palmetto Council of the Boy Scouts of America; St. Margaret's Episcopal Church; Shelby Culbreth; Jackie LaFontaine; Brandon Smith; Rob Green; Roy Cole; Bob Faulks; and Scott O'Neill, Respondents.

Appellate Case No. 2015-001088

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal From Spartanburg County
The Honorable J. Derham Cole, Circuit Court Judge

---

Memorandum Opinion No. 2015-MO-062
Submitted October 8, 2015 – Filed October 14, 2015

---

**REVERSED AND REMANDED**

---

Gregg E. Meyers, of Jeff Anderson & Associates, PA, of
St Paul, MN, for Petitioner.

William Harrell Foster, III, of Greenville, Allen Mattison
Bogan and Miles Edward Coleman, both of Columbia,
and G. Mark Phillips, of Charleston, all of Nelson
Mullins Riley & Scarborough, for Respondents.

---

**PER CURIAM:**  Petitioner seeks a writ of certiorari to review the Court of
Appeals' decision in *Doe v. Boy Scout Troop 292*, Op. No. 2015-UP-139 (S.C. Ct.
App. filed Mar. 11, 2015).  We grant the petition, dispense with further briefing,
reverse the Court of Appeals' opinion, and remand to the Court of Appeals for
consideration in accordance with this opinion.

Petitioner, as legal guardian for John Doe,[1] filed an intentional infliction of
emotional distress (IIED) action against respondents when Doe, a mentally-
disabled fourteen-year-old boy, was expelled from his Boy Scout troop within days
of reporting he had been sexually abused by his Scoutmaster.  The circuit court
granted respondents' motion for summary judgment.

Petitioner contends the Court of Appeals erred in finding its argument that an
adult's retaliation upon a mentally-disabled child for disclosing sexual abuse *prima
facie* constitutes extreme and outrageous conduct was not preserved for review.
We agree.  *See Spence v. Wingate,* 381 S.C. 487, 674 S.E.2d 169 (2009) (where
trial judge's order granted respondents' motion for summary judgment on precisely
the grounds argued by respondents at summary judgment hearing, but did not
restate the ground on which appellant opposed the motion, the ruling was sufficient
to preserve appellant's argument, and appellant was not required to file a Rule
59(e), SCRCP, motion to preserve the issue for appeal).

Additionally, petitioner argues the Court of Appeals erred in *sua sponte* finding
summary judgment was appropriate on the ground that petitioner failed to establish
Doe's emotional distress was "severe."  We agree.  *See I'On, L.L.C. v. Town of Mt.
Pleasant*, 338 S.C. 406, 526 S.E.2d 716 (2000) (stating although an appellate court
may affirm on a ground that was not raised to or ruled upon by the lower court,

---

[1] Petitioner is Doe's grandmother.

that ground must appear in the record); Rule 220(c), SCACR (stating "an appellate court may affirm any ruling, order, decision or judgment upon any ground *appearing in the record on appeal*") (emphasis added); *Gadson v. Hembree,* 364 S.C. 316, 613 S.E.2d 533 (2005) ("Summary judgment is inappropriate where further inquiry into the facts of the case is necessary to clarify the application of law."); *Helena Chem. Co. v. Allianz Underwriters Ins. Co*., 357 S.C. 631, 594 S.E.2d 455 (2004) ("[S]ince it is a drastic remedy, summary judgment should be cautiously invoked to ensure a litigant is not improperly deprived of a trial on disputed factual issues.").

Accordingly, we reverse the Court of Appeals' opinion and remand the case for the Court of Appeals to rule on the merits of the issues raised on appeal.

**REVERSED AND REMANDED.**

**TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.**

**I would deny the Petition for a Writ of Certiorari.**
**KITTREDGE, J.**